Joe F. WHEAT, Appellant,

v.

Raye N. DELCOURT, Appellee.

No. B14–85–683–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 6, 1986.
Rehearing Denied April 3, 1986.

Richard H. Callison, Jeffrey H. Hubbard, Houston, for appellant.

Madeline Johnson, Stephen J. Cavanaugh, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

MURPHY, Justice.

This is an appeal from a judgment rendered in favor of appellee (plaintiff below) in the amount of $36,500.00 plus attorney's fees as damages for appellant's (defendant below) breach of contract to sell appellee a townhouse. Appellant complains in four points of error that the trial court erred in submitting special issues to the jury concerning appellant's assumption of the contract and the measure of damages, and erred in admitting into evidence appellee's original contract. Appellant also challenges the factual and legal sufficiency of the evidence to support the jury's findings of alter ego, assumption by appellant of the contract, and damages. We find no error and affirm.

On February 7, 1978, appellee signed an earnest money contract with Custom Contemporaries, Inc., in which Custom Contemporaries agreed to construct a townhouse for appellee at 1829 Bering Drive, Lot 5, in Houston for the approximate sum of $90,-000.00. On May 3, 1979, appellant acquired title to this property by foreclosing on a deed of trust lien securing a personal note given to appellant by Custom Contemporar-

ies president David Carl. One day after acquiring title to the property, appellant transferred the property to Pacemaker Homes, Inc., a corporation in which appellant is director, treasurer and the sole shareholder, in exchange for a note in the amount of $121,000.00. On June 4, 1979, appellant sent appellee a letter stating that Pacemaker Homes had undertaken completion of the townhouse for the price of $95,-000.00 plus extras in the approximate sum of $4,000.00. Appellant also stated in the letter that Pacemaker Homes would proceed with the construction and wanted a confirmation of the purchase price as agreed at earlier meetings between appellant and appellee. Appellant's letter further requested evidence of appellee's financing arrangements for the purchase of the townhouse. After receiving this letter, appellee continued to meet with appellant's homebuilder concerning details of the construction. On October 11, 1979, appellant sent appellee another letter terminating any obligation to construct the townhouse because appellee had failed to furnish evidence of financing arrangements and because appellant found it impossible to construct the home for the agreed price. In November of 1979 Sundero Construction Company acquired the property by foreclosing on a first deed of trust lien securing a note given by Custom Contemporaries to Pennamco, Inc., and purchased by Sundero. Despite the filing of a lis pendens on the property by appellee, Sundero sold the property to Emma Shields in February of 1980 for $125,000.00. Appellee then brought suit against appellant, Pacemaker Homes, Custom Contemporaries, Sundero and Shields for breach of contract, and sought as relief specific performance or damages from the corporate defendants and appellant individually under a theory of alter ego. At trial appellee waived the plea for specific performance and sought only damages. In response to the submission of special issues, the jury found that appellee entered into a contract with Custom Contemporaries for the purchase of the townhouse, that Pacemaker Homes, through appellant, assumed the contract obligations of Custom Contemporaries, that Pacemaker Homes, through appellant, breached the contract, that $36,500.00 would reasonably compensate appellee, and that Pacemaker Homes was the alter ego of appellant. The trial court then rendered judgment against appellant as an individual in the amount of $36,500.00 plus attorney's fees and interest. It is from this judgment that appellant appeals.

■ In his first point of error appellant contends there is no evidence, or insufficient evidence, to support the jury's finding to Special Issue No. Six that Pacemaker Homes, Inc., is the alter ego of appellant, or such finding is against the great weight and preponderance of the evidence.

The reasons for disregarding the corporate entity have been well enumerated and include when the corporation is used to perpetrate a fraud, to evade an existing legal obligation, to achieve or perpetrate a monopoly, to protect a crime, to justify a wrong, to circumvent a statute, and when one corporation exists as a mere tool or business conduit of another corporation. *Torregrossa v. Szelc,* 603 S.W.2d 803, 804 (Tex.1980); *Minchen v. Van Trease,* 425 S.W.2d 435, 437 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.). While each case involving disregard of the corporate entity must rest upon its own facts, the courts generally require evidence of one or more of the following factual situations: 1) the corporate entity amounts to a fraud, promotes injustice or is relied upon to justify a wrong, 2) the corporation was inadequately capitalized, 3) an individual controls and manages the entity in such a manner that it becomes his alter ego, or 4) the corporate formalities were not observed. *Hicks v. Wright,* 564 S.W.2d 785, 796 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.). *See also Rose v. Intercontinental Bank,* 705 S.W.2d 752 (Tex.App.—Houston [1st Dist.] 1986, no writ).

■ The record reflects that appellant was the director, president, treasurer and sole shareholder of Pacemaker Homes, Inc. One directors' meeting was held on the day

the corporation was formed while further meetings, if any, were held by consent. By answer to interrogatories appellant stated that no shareholder meetings were held. He further testified that he did not know who the secretary or treasurer was, nor did he know how many directors there were or their identification. Evidence presented on the issue of capitalization of Pacemaker Homes is conflicting; appellant claims Pacemaker held title to substantial assets consisting of land and improvements, yet the record reflects that appellant through Pacemaker Homes was unable to finish the Bering Drive townhouses because of unavailability of funds, including the inability to borrow the necessary capital. Even more compelling, however, is the evidence concerning the transfer by appellant of the property which appellee claims to Pacemaker Homes and the subsequent acquisition of the property by Sundero. The record reflects that appellant as an individual loaned Custom Contemporaries president David Carl money to complete the Bering Drive property, for which appellant took a note from Carl secured by a deed of trust lien on the property. When Carl defaulted on the note, appellant foreclosed on the lien and took title to the property. One day later appellant deeded the property to his corporation, Pacemaker Homes, in exchange for a note for $122,235.30. Four months later, in August of 1979, appellant's father formed Sundero Construction Company for the purpose of buying the outstanding first lien on the Bering Drive property and foreclosing on the lien to cut off any possible claims still outstanding against Custom Contemporaries and assumed by Pacemaker Homes. With all such claims cleared, according to the father's testimony, appellant, through Pacemaker Homes, would be able to borrow the money needed to complete the project on Bering Drive. Sundero did purchase the first lien and foreclose on it, thus acquiring the property, at which time appellant, in what is described as merely a "bookkeeping transaction," transferred a non-existent $121,000.00 to Sundero, Sundero then transferred the money back to Pacemaker

and Pacemaker to appellant, thereby transferring all outstanding obligations to Sundero. We are of the opinion that the rapid time frame in which these transactions occurred provided evidence to the jury that appellant was attempting to avoid an existing legal obligation. In further support of this finding is the fact that Sundero proceeded to sell the property to Emma Shields with the condition that closing was to take place only through Statewide Title, which is owned by appellant's father, despite the knowledge by appellant and his father that a lis pendens had been filed against the property by appellee. We hold the evidence was legally and factually sufficient to support the jury's finding of alter ego. Appellant's first point of error is overruled.

In his second point of error appellant claims the trial court erred in admitting appellee's Exhibit No. 2 into evidence against appellant. Exhibit No. 2 was the contract made between Custom Contemporaries and appellee for the construction and sale of the townhouse. Appellant claims that this exhibit varied significantly from the exhibit attached to appellee's pleadings. In particular, appellant complains that the exhibit attached to appellee's pleadings was not signed by David Carl of Custom Contemporaries while Exhibit No. 2 presented at trial was so signed, and that the pleadings exhibit contained no property description while Exhibit No. 2 contained a metes and bound description. Appellant also alleges that appellee testified during her deposition that she did not have a signed earnest money contract with David Carl. This series of discrepancies, according to appellant, constituted acts of concealment in violation of Tex.R.Civ.P. 215, and as such Exhibit No. 2 should not have been admitted at trial. Appellant further claims Exhibit No. 2 created a different cause of action from that alleged in appellee's pleadings, and that the exhibit was hearsay as to appellant and thus should not have been admitted.

■ We find appellant's arguments without merit. Appellee's Second Amend-

ed Original Petition alleged breach of contract, and appellant filed no special exceptions to the pleadings. In addition, although appellant claims appellee failed to respond to a subpoena duces tecum attached to her deposition, there is no subpoena or motion to produce in the record before this court. The record further discloses that appellee stated at her deposition that she had seen a signed copy of the contract with Custom Contemporaries but did not have one in her possession, i.e., she did not say that there was no such document. There is also testimony from appellant in the record that the changes appearing in Exhibit No. 2 concerning the legal description of the property claimed by appellee were made by appellant; therefore, appellant cannot claim surprise at the description contained in Exhibit No. 2. Finally, Rule 215 gives the trial court discretion in admitting evidence not provided in response to discovery requests. We find no abuse of discretion. Appellant's second point of error is overruled.

Appellant's third point of error is:

The Trial Court erred in submitting Special Issue Number Two to the jury, concerning assumption of a contract by Pacemaker Homes, Inc., and there was no evidence, or insufficient evidence, to support a finding under such issue, or such finding was against the great weight and preponderance of the evidence.

Appellant's fourth point of error is:

The Trial Court erred in submitting Special Issue Number Four to the jury, as such issue inquires about the wrong measure of damages, and there was no evidence, or insufficient evidence, to support a finding under such issue, or such finding was against the great weight and preponderance of the evidence.

Both points of error are multifarious and as such need not be considered by this court. Tex.R.Civ.P. 414. However, we have examined the record and were we to consider these points we find the arguments without merit. Appellant's third

and fourth points of error are overruled. The judgment is affirmed.