**David L. McFADDEN, Appellant,**

v.

**Pedro Zaragosa FUENTES, Appellee.**

**No. 08–89–00402–CV.**

Court of Appeals of Texas,
El Paso.

April 25, 1990.

Rehearing Overruled May 23, 1990.

Ralph E. Harris, El Paso, for appellant.

Francis C. Broaddus, Jr., El Paso, for appellee.

Before FULLER, WOODARD and KOEHLER, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a summary judgment in favor of the Defendant, Mr. Fuentes. We reverse.

The parties contracted for Fuentes' purchase of certain bowling, restaurant and bar equipment. On the execution of the agreement, $20,000.00 was paid, $30,000.00 was to be paid on or before March 1, 1986 and $135,000.00 was to be paid on May 1, 1986, which was the date Fuentes was to take possession of the property. The contract was prepared by the attorney for the seller. It provided that "[i]n the event Buyer fails to pay the full purchase price for the personal property as provided for herein on or before May 1, 1986, Seller shall have the right to retain all money paid pursuant to the terms and conditions of this Agreement, and cancel this Agreement." Under the contract, $20,000.00 was deposited with the attorney for the seller as earnest money to be held in escrow until the terms of the agreement had been complied with. On January 13, 1986, the attorney sent Fuentes notice that if the $30,-000.00 of March 1, 1986 was not timely made, "Mr. McFadden (seller) will have no alternative but to cancel the agreement and retain all money paid pursuant to the terms of the agreement." On September 10, 1986, the seller filed suit for consequential damages caused by the breach of contract.

The focal point of the appeal is whether the exacted $20,000.00 was a penalty of forfeiture to be applied toward consequential damages for a breach of contract, or whether it was proper liquidated damages that had been stipulated to by the parties whereby "cancellation" of the contract precludes any further damage award.

■ To be enforceable as liquidated damages under common law, the damages must be uncertain and the stipulation must be reasonable. *Stewart v. Basey*, 150 Tex. 666, 245 S.W.2d 484 (1952). However, in 1965, the Uniform Commercial Code was enacted in Texas. The specific provisions of the UCC supersede the common law applicable to transactions in goods. Tex. Bus. & Com.Code Ann. sec. 2.718 (Vernon 1968), provides for liquidated damages in the agreement subject to their reasonableness in light of anticipated or actual harm, difficulties in proving loss and inconvenience or nonfeasibility of otherwise obtaining an adequate remedy. Section 2.719 now provides that remedies in case of default can be contracted for, including an exclusive or sole remedy where expressly agreed upon. Section 2.719, Uniform Commercial Code Comment states:

(2) Subsection (1)(b) creates a presumption that clauses prescribing remedies are cumulative rather than exclusive. If the parties intend the term to describe the sole remedy under the contract, this must be clearly expressed.

The limitation or exclusion of consequential damages must not be unconscionable, but unconscionability would be a matter of confession and avoidance, and was not affirmatively pleaded in this case. The pertinent paragraphs of the contract are as follows:

(1) With the execution of this Agreement, (the buyer shall) deposit $20,000.00 in escrow with Ralph E. Harris, said deposit representing earnest money to be held in escrow by the said Ralph E. Harris until such time as all terms and conditions of this Agreement are complied with; ...

· · · · ·

(2) In the event Buyer fails to pay the full purchase price for the personal property as provided for herein on or before May 1, 1986, Seller shall have the right to retain all money paid pursuant to the terms and conditions of this Agreement, and cancel this Agreement.

The contract further provides that the buyer has the option to cancel the contract or extend the closing date if the property becomes damaged by fire or other casualty. It also provides that if the seller is unable to convey the property, the money shall be

returned to buyer, and the buyer has the right to cancel the agreement.

In the interpretation of contracts, the primary concern of courts is to ascertain and to give effect to the intentions of the parties as expressed in the instrument. *R & P Enterprises v. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517 (Tex.1980). To achieve this object, the Court will examine and consider the entire instrument so that none of the provisions will be rendered meaningless. If a written instrument is so worded that a court may properly give it a certain or definite legal meaning or interpretation, it is not ambiguous. On the other hand, a contract is ambiguous only when the application of the applicable rules of interpretation to the instrument leave it genuinely uncertain which one of the two meanings is proper meaning. *Id.* at 519.

Tex.Bus. & Com.Code Ann sec. 2.106(d) states " 'Cancellation' occurs when either party puts an end to the contract for breach by the other and its effect is the same as that of 'termination' except that the cancelling party also retains any remedy for breach of the whole contract or any unperformed balance." Whenever a statute or other legal rule requires a specified "legal meaning" to be given to certain words, the requirement is that the use of those words shall produce a particular legal effect whether the contracting parties intended to produce it or not. 3 Corbin On Contracts, sec. 550, at 196–197 (West 1960). A mistake in understanding what the legal definition is would be a mistake of law. Corbin, sec. 619, at 766. A mistake of law has not been pleaded by the parties.

We hold that there is no evidence establishing that any stipulated sum is reasonable in light of (1) the anticipated or actual harm caused by the breach; (2) the difficulties of proof or loss; and (3) the difficulty of otherwise obtaining an adequate remedy as required by Section 2.718(a), and therefore, no valid liquidated damage provision has been established. Further, even if this were so, under the facts of this case, forfeiture of the sum would be precluded from being a sole remedy by the provisions of Section 2.719(a)(2) which require express agreement for such a limitation of remedy. The language in this case expressly retains any remedy for breach of the whole contract by the solitary use of the legal phrase "cancel the agreement." It would be valid argument generally, however, that if a liquidated damage clause were created under Section 2.718, it would logically self operate to be the exclusive remedy selection as contemplated by Section 2.719.

The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. In deciding whether or not there is a disputed fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true. Every reasonable inference must be indulged in favor of the nonmovants and any doubts resolved in their favor. *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546 (Tex.1985).

Judgment of the trial court is reversed and the cause is remanded for trial.