**Pedro Zaragosa FUENTES, Appellant,**

**v.**

**David L. McFADDEN, Appellee.**

No. 08–91–00280–CV.

Court of Appeals of Texas, El Paso.

Feb. 26, 1992.

Rehearing Overruled March 25, 1992.

Royal Furgeson, Kemp, Smith, Duncan & Hammond, El Paso, for appellant.

Ralph E. Harris, El Paso, for appellee.

Before WOODARD, KOEHLER and BARAJAS, JJ.

## OPINION

BARAJAS, Justice.

This lawsuit involves a breach of contract for the sale of goods. The Appellant, Pedro Zaragosa Fuentes, is before this Court complaining of an adverse jury verdict rendered in the court below. We reverse the judgment and remand this cause to the trial court for further proceedings consistent with this opinion.

Appellee, David McFadden (McFadden), sued Appellant, Pedro Zaragosa Fuentes (Fuentes), in the 34th Judicial District Court of El Paso County, seeking damages for breach of contract. The trial court granted, in part, a directed verdict as to the existence of a breach of contract, and a jury subsequently found that the breach was not legally excused. On appeal, Fuentes complains of the adverse jury award of $186,033.88 in damages in favor of McFadden.

In April 1985, McFadden was the owner and manager of the Red Rooster Lanes, a bowling alley located in El Paso, Texas. At that time, McFadden received an inquiry concerning the possible sale of the bowling equipment located in the Red Rooster. The inquiry was made by Romeo Lizarraga, a past acquaintance of McFadden's, who was seeking a finder's fee as a broker for the sale of the bowling equipment. An agreement was reached between McFadden and Lizarraga whereby McFadden would receive the sum of $165,000 for the sale of the equipment. Pursuant to the agreement, Lizarraga, as the broker, would receive a $20,000 finder's fee which would be added to the $165,000 sale price.

The record below indicates that Lizarraga knew that Fuentes was interested in opening a bowling alley in Juarez, Mexico. As a consequence, Lizarraga contacted Fuentes concerning the sale of the bowling alley equipment, advising him that the equipment could be purchased for the sum of $185,000.

In May 1985, Fuentes executed a contract for the purchase of the equipment. The terms of the agreement required Fuentes to: (1) deposit $20,000 in escrow upon execution of the agreement; (2) pay $30,000 on or before March 1, 1986; and (3) pay the remaining balance of $135,000 on or before May 1, 1986. In addition to Fuentes' signature, the agreement contained McFadden's signature, as seller, as well as the signature of Lizarraga who was listed as a buyer. The contract, however, was silent as to the $20,000 finder's fee to be paid to Lizarraga.

In March of 1986, Fuentes discovered that he would not be able to timely perform the terms of the contract. As a result, Fuentes requested McFadden to extend the time for performance. The requested extension was refused by McFadden. According to Fuentes, McFadden stated that the $20,000 earnest money would be forfeited and "everything would be off" if the payments were not made on time. Ultimately, the payments were not made according to the terms of the contract and,

consequently, the earnest money was forfeited.

In September 1986, McFadden filed suit against Fuentes for breach of contract. Fuentes answered by filing a general denial. In addition, Fuentes filed a motion for summary judgment based on the default clause contained in the contract.[1] In particular, he argued that forfeiture of the $20,000 earnest money constituted the sole remedy available to McFadden in the case of a breach of contract. After a hearing on the motion, the trial court granted summary judgment in favor of Fuentes. On appeal, this Court reversed the summary judgment and remanded the case for a trial on the merits. *See McFadden v. Fuentes,* 790 S.W.2d 736 (Tex.App.—El Paso 1990, no writ).

On remand, Fuentes filed an Amended Answer and Counterclaim. On February 19, 1991, Fuentes filed his Supplement to Defendant's Amended Original Answer and Counterclaim, alleging fraud and violations of the Texas Deceptive Trade Practices–Consumer Protection Act. In his answer, Fuentes raised the issues of mistake, ambiguity, estoppel, fraud in the inducement, unconscionability and illegality—all of which were premised on the undisclosed finder's fee. Additionally, Fuentes once again argued that the forfeiture of the earnest money was the sole remedy available to McFadden.

McFadden filed special exceptions to the affirmative defenses and counterclaim. After reviewing the pleadings and hearing argument from counsel, the trial court granted most of McFadden's special exceptions relating to the affirmative defenses. In regard to the counterclaim, on March 5, 1991, the trial court ordered that it be severed from the main cause of action. Trial by jury also commenced on March 5,

1991. At the close of trial, a jury awarded McFadden damages in the amount of $186,033.88 based on Fuentes' failure to perform pursuant to the terms of the contract.

Fuentes is before this Court urging four points of error. First, he argues that the trial court erred in severing his compulsory counterclaim from the trial on the merits. Second, Fuentes alleges the trial court erred in granting McFadden's special exception regarding "sole remedy." In Point of Error No. Three, he asserts that the trial court erred in combining his affirmative defenses in the charge to the jury without the benefit of legal terms. Finally, in his fourth point of error, he claims there was either no evidence or insufficient evidence to support the jury's findings on excuse from performance and damages.

Appellant's points of error will be addressed in reverse order.

In Appellant's Point of Error No. Four, he asserts that the trial court erred in entering judgment in favor of McFadden because there was either no evidence or insufficient evidence to support the jury's findings on excuse from performance and damages.[2]

■ Since this point of error concerns both legal and factual insufficiency assertions, we set forth here the standards of review we apply to such claims in order to avoid repetition. In considering a "no evidence" legal insufficiency point, we consider only the evidence which tends to support the jury's findings and disregard all evidence and inferences to the contrary. *Garza v. Alviar,* 395 S.W.2d 821 (Tex. 1965).

■ A factual insufficiency point, however, requires us to examine all of the evidence in determining whether the find-

1. The default clause contained in the contract states, "[i]n the event Buyer fails to pay the full purchase price for the personal property as provided for herein on or before May 1, 1986, Seller shall have the right to retain all money paid pursuant to the terms and conditions of this Agreement, and cancel this Agreement."

2. Appellant's Point of Error No. Four is multifarious in nature insofar as it embraces more

than one specific ground of error. *Pooser v. Lovett Square Townhomes Owners' Association,* 702 S.W.2d 226, 228 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). While this Court is not required to consider multifarious points of error, it will do so in the interest of justice. *Wheat v. Delcourt,* 708 S.W.2d 897, 901 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.).

ing in question is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (Tex. 1951). When assessing a factual insufficiency point, the reviewing court cannot substitute its conclusions for those of the jury. *Benoit v. Wilson*, 150 Tex. 273, 239 S.W.2d 792 (1951). Indeed, if there is sufficient competent evidence of probative force to support the finding, it must be sustained. *Carrasco v. Goatcher*, 623 S.W.2d 769 (Tex.App.—El Paso 1981, no writ); *Montgomery Ward & Co. v. Scharrenbeck*, 204 S.W.2d 508 (Tex.1947); *Clark v. National Life & Accident Ins. Co.*, 145 Tex. 575, 200 S.W.2d 820 (1947).

■ Fuentes first argues that there was no evidence or insufficient evidence to support the jury's finding that his performance of the contract was not legally excused. His argument is based on the fact, as disclosed in the record, that he would not have entered into the contract had he known about the $20,000 finder's fee.

We have carefully reviewed the evidence that supports the jury's verdict and find that it contains more than a scintilla of evidence to support the jury's finding that Fuentes was not excused from performing on the contract in question. Moreover, a review of the entire record reveals that the jury's finding is not against the great weight and preponderance of the evidence.

The facts contained in the record reveal that: (1) there was no dispute over the fact that Fuentes was contractually required to perform the terms of the agreement on a specific date; (2) Fuentes failed to perform as required by the contract; (3) the reasons for Fuentes' nonperformance were the fact that he was having difficulties obtaining a location for the bowling alley and he was also "running a little bit short of money." Based on such facts, it is clear that there is some evidence to support the jury's findings. Appellant's assertion that there was no evidence or factually insufficient evidence to support the jury's finding is without merit.

■ Additionally, Fuentes contends that there was no evidence or, in the alternative, insufficient evidence to support the jury's award of damages in the amount of $186,033.88 in favor of McFadden.[3]

Fuentes complains that the jury's award of $186,033.88 in actual damages was excessive insofar as the contract was never performed and the value of the bowling equipment in question was $165,000. Fuentes further argues that the jury erred in using the $185,000 contract price as a starting point in determining damages since the $20,000 finder's fee was never paid by McFadden due to nonperformance of the contract.

Generally, the measure of damages for breach of contract is the amount necessary to place the injured party in a financial position equal to that which he would have occupied had the defaulting party performed the contract. *Thomas C. Cook, Inc. v. Rowhanian*, 774 S.W.2d 679, 686 (Tex.App.—El Paso 1989, writ denied); *Stewart v. Basey*, 150 Tex. 666, 245 S.W.2d 484, 486 (1952); *LaChance v. Hollenbeck*, 695 S.W.2d 618, 621–622 (Tex.App.—Austin 1985, writ ref'd n.r.e.). Under this standard, the injured party is compensated only for the damages or loss actually sustained. *Community Development Service, Inc. v. Replacement Parts Manufacturing, Inc.*, 679 S.W.2d 721 (Tex.App.—Houston [1st Dist.] 1984, no writ); *North American Corp. v. Allen*, 636 S.W.2d 797 (Tex.App.—Corpus Christi 1982, no writ).

A careful review of the record indicates that had the contract been performed by the parties, McFadden would have benefitted in the amount of $185,000, which would have included the $20,000 earnest money deposited earlier by Fuentes. Consistent with this fact, the jury properly used $185,000 as a starting point for measuring the damages incurred as a result of the breach. Finally, after considering all mitigating

---

**3.** Fuentes has improperly labeled his argument as a "no evidence" point. A no evidence challenge is improper because an attack as to the excessiveness of damages must be made on factual insufficiency grounds. See *Bradbury v. Scott*, 788 S.W.2d 31, 39 (Tex.App.—Houston [1st Dist.] 1989, writ denied); See also *Pope v. Moore*, 711 S.W.2d 622 (Tex.1986).

factors, the jury awarded damages in the amount of $186,033.88. Appellant's Point of Error No. Four is overruled.

In his third point of error, Fuentes asserts that the trial court erred in combining his affirmative defenses into a single question without the benefit of necessary definitions and instructions. Fuentes further alleges that the trial court erred in omitting certain questions and instructions altogether. Specifically, Fuentes claims that issues and instructions should have been submitted regarding estoppel and limitation of damages.[4] Additionally, Fuentes argues that the trial court should have instructed the jury on the law of agency.

■ When confronted with an attack directed at the jury charge, reversal is not warranted unless the error complained of was reasonably calculated to cause and probably did cause rendition of an improper verdict in the case. Tex.R.App.P. 81.

■ A trial court has great discretion in submitting broad-form jury issues. *Mobil Chemical Company v. Bell*, 517 S.W.2d 245, 255 (Tex.1974). To determine if the trial court has abused its discretion in refusing to submit requested issues, an appellate court employs the same test applicable to an instructed verdict. *Phillips Pipeline Company v. Richardson*, 680 S.W.2d 43, 48 (Tex.App.—El Paso 1984, no writ). In other words, "[t]he evidence must be considered most favorably in behalf of the party against whom the issues were refused and if there is any conflicting evidence in the record of probative nature, a determination of the issue is for the jury." *Id.* In regard to instructions, a trial court has more discretion than it has in the case of issues. When determining whether to submit an instruction, the overriding objective is to submit instructions if they will enable a jury to render a verdict. *Bell*, 517 S.W.2d at 256.

■ We have reviewed the entire record before us and note that there is no probative evidence to support the submission of either the issues or instructions on estoppel or limitation of damages. Furthermore, the limitation of damages question is not supported by the pleadings due to the fact that the trial court granted special exception number two regarding "sole remedy." In regard to the agency instruction, the trial court adequately instructed the jury on the subject matter in issue number one.

Finally, the trial court did not abuse its discretion by combining Fuentes' affirmative defenses into one issue. Moreover, if any error was committed in the charge, such error cannot be said to have caused the rendition of an improper verdict. Point of Error No. Three is overruled.

In his second point of error, Fuentes argues that the trial court erred in granting McFadden's special exception number two, regarding "sole remedy." Fuentes' Point of Error No. Two advances three distinct arguments. In particular, Fuentes argues that: (1) the trial court erred in granting McFadden's special exception number two because it was improperly pled; (2) the denial or reversal of a summary judgment is not a final resolution of issues; and (3) the trial court erred in striking Fuentes' affirmative defense without allowing leave to amend. Before assessing the validity of these arguments, it is helpful to detail the relevant facts and the applicable standard of review.

In his pleadings, Fuentes specifically asserted various affirmative defenses. In particular, Fuentes pled that McFadden exercised his sole remedy by forfeiting the $20,000 in earnest money, and that the contract in question was executed due to the mistake of the parties. McFadden specially excepted claiming that the "sole remedy" defense had been previously resolved against Fuentes and that the allegations of mistake were conclusory in nature. *See McFadden*, 790 S.W.2d at 736. The trial court granted McFadden's special exceptions on both issues. In this appeal, Fuentes only attacks the "sole remedy" special exception.

---

4. Fuentes also contends that an issue regarding alleged violations of the Texas Deceptive Trade Practices Act should have been submitted.

Based on this Court's disposition of Point of Error No. One, it is unnecessary to address this contention.

■ A trial court has broad discretion in ruling on special exceptions. On review, reversal of a ruling on special exceptions is only warranted if there has been a showing of an abuse of discretion. *Hubler v. City of Corpus Christi,* 564 S.W.2d 816, 820 (Tex.App.—Corpus Christi 1978, writ ref'd n.r.e.). The test to be applied for determining whether a trial court has abused its discretion is whether the trial court acted without reference to any guiding rules and principles, or in other words, acts in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–242 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

At the outset, Fuentes contends that McFadden's "sole remedy" special exception was not properly pled because it does not comport with the requisites of Rule 91. Tex.R.Civ.P. 91. Specifically, Rule 91 of the Texas Rules of Civil Procedure provides that a special exception shall "point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations in the pleading excepted to." Tex. R.Civ.P. 91.

■ A special exception will withstand judicial scrutiny if it is specific enough to notify the opposing party of the pleading defect. Conversely, if the exception is the equivalent of a general demurrer, Rule 91 has not been satisfied. *Spillman v. Simkins,* 757 S.W.2d 166, 168 (Tex.App.—San Antonio 1988, no writ).

■ We have reviewed the record before us and find that McFadden's special exception to Fuentes' affirmative defense of "sole remedy" was pled in accordance with Rule 91. Tex.R.Civ.P. 91. In interposing his special exception, McFadden specifically pointed out to the defective part of the pleading by employing the following language:

Plaintiff specially excepts to the affirmative defense alleged by Defendant claiming that Plaintiff has exercised the only remedy available to him and is not entitled to recover further damages for the reason that such allegation has previ-ously been raised by Defendant and found to be without merit by the Court of Appeals, and because of the law governing this specific case, the allegation is without any merit whatsoever, and of this special exception Plaintiff prays judgment of the Court.

Such language clearly articulates McFadden's challenge to Fuentes' pleading. Moreover, the exception puts Fuentes on fair notice as to the complaints about the pleading. *Spillman,* 757 S.W.2d at 167. Consequently, Fuentes' argument as to the form of the special exception is not persuasive.

■ In regard to the substance of the special exception, Fuentes asserts that the trial court erred because the issue of "sole remedy" was not completely and finally disposed of by this Court in *McFadden v. Fuentes,* 790 S.W.2d at 736.

In reversing the summary judgment granted in favor of Fuentes, this Court held that forfeiture of the $20,000 finder's fee was not the sole remedy available to McFadden. This Court stated that, as a matter of law, the default clause contained in the contract expressly retains all contractual remedies in the case of a breach of contract. *McFadden,* 790 S.W.2d at 738. This Court, however, did not address the issue of mistake because mistake of law had not been pled by the parties. *Id.* Consequently, on remand, Fuentes could assert the "sole remedy" defense only if it were grounded on a mistaken interpretation of the legal effect of the default clause.

In the instant case, Fuentes pled mistake and "sole remedy" as two separate and distinct affirmative defenses. As noted above, the trial court granted separate special exceptions as to both issues. In doing so, the trial court did not interpret this Court's decision as precluding a mistake of law issue. Instead, the trial court merely stated that the mistake issue was not supported by sufficient facts and the contractual interpretation of "sole remedy" had been decided previously by this Court.

■ Finally, Fuentes argues that the trial court erred in not allowing him to

amend his pleadings after the special exception was granted. Fuentes, however, did not seek leave to amend his pleadings.[5] This fact is significant because once special exceptions have been granted, the party against whom the special exception has been sustained has the burden to seek leave to amend his pleadings. The trial judge is not required to affirmatively advise a litigant that leave to amend is granted. By declining to amend, Fuentes elected to stand on his pleading as filed and retain the right to complain of the ruling on appeal. *Hubler*, 564 S.W.2d at 820. As a result, Fuentes' allegation that the trial court refused to allow him to amend is not persuasive.

Based on the above facts, it is clear that the trial court's action was not arbitrary or unreasonable. Hence, the trial court did not abuse its discretion by granting the "sole remedy" special exception. Point of Error No. Two is overruled.

██ In his first point of error, Fuentes contends that the trial court erred in severing his compulsory counterclaim from the trial on the merits. The counterclaim alleged fraud in the inducement as well as a violation of the Texas Deceptive Trade Practices–Consumer Protection Act.

The Texas Rules of Civil Procedure grant a trial court broad discretion regarding the severance of causes of action. Tex. R.Civ.P. 41; *Cherokee Water Company v. Forderhause*, 641 S.W.2d 522, 525 (Tex. 1982); *McGuire v. Commercial Union Insurance Company*, 431 S.W.2d 347, 351 (Tex.1968). Consequently, a trial court's decision to sever a counterclaim will not be disturbed on appeal unless there is a showing of an abuse of discretion. *Ryland Group, Inc. v. White*, 723 S.W.2d 160, 161 (Tex.App.—Houston [1st Dist.] 1986, orig. proceeding). Significantly, Texas jurisprudence states that an order that severs a *compulsory* counterclaim from the main lawsuit constitutes an abuse of discretion. *Id.* Fuentes asserts that the trial court abused its discretion because the facts necessary to prove his counterclaim are inter-

twined with the facts necessary to prove the main cause of action.

The Texas Supreme Court has adopted a six-part test for determining when a claim is compulsory rather than permissive. *Wyatt v. Shaw Plumbing Company*, 760 S.W.2d 245, 247 (Tex.1988). In *Wyatt*, the Supreme Court stated that a claim is compulsory if the claim:

- is within the jurisdiction of the court;
- is not, at the time of filing the answer, the subject of a pending action;
- is mature and owned by the pleader at the time of filing the answer;
- arises out of the transaction or occurrence that is the subject matter of the opposing party's claim;
- is against an opposing party in the same capacity; and
- does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction.

*Wyatt*, 760 S.W.2d at 247.

We have reviewed the record and find Fuentes' counterclaim meets the requirements necessary for it to be classified as compulsory in nature.

Fuentes' counterclaim arose out of the same transaction or occurrence as McFadden's breach of contract claim. In particular, Fuentes' alleged violations of the Texas Deceptive Trade Practices–Consumer Protection Act and claims for fraud stem from the same contract which is the subject matter of the primary suit initiated by McFadden. The facts necessary to prevail in the counterclaim are identical to the facts necessary to prove the breach of contract cause of action. *See Saxer v. Nash Phillips–Copus Company Real Estate*, 678 S.W.2d 736, 739 (Tex.App.—Tyler 1984, writ ref'd n.r.e.). Specifically, Fuentes' argument is that his contractual performance was legally excused because McFadden misrepresented the terms of the contract and fraudulently induced him into entering the contract. These facts which support

5. Due to the fact that the special exceptions were granted less than seven days before trial,

Fuentes was required to seek leave of court before amending his pleadings. Tex.R.Civ.P. 63.

his contractual defense are the very same facts needed to prove the counterclaim.

Based on the above information, we find that the counterclaim is compulsory and the trial court improperly severed the claim from the main cause of action. Consequently, the trial court's severance constituted an abuse of discretion. *Mathis v. Bill De La Garza & Associates, P.C.*, 778 S.W.2d 105, 106 (Tex.App.—Texarkana 1989, no writ). Point of Error No. One is sustained.

Based on the disposition of Point of Error No. One, the judgment of the trial court is reversed, and the cause is remanded for the purpose of litigating the compulsory counterclaim with the main cause of action.