Ruben **GUTIERREZ**, Appellant,

v.

**KARL PERRY ENTERPRISES, INC.,**
d/b/a Goodtime Stores, Appellee.

No. 08–93–00226–CV.

Court of Appeals of Texas,
El Paso.

Feb. 9, 1994.

**104**

Anthony C. Aguilar, El Paso, for appellant.

Lawrence M. Jordan, Dudley, Dudley & Windle, El Paso, for appellee.

Before BARAJAS, C.J., and KOEHLER and McCOLLUM, JJ.

## OPINION

BARAJAS, Chief Justice.

This is an appeal from the trial court's dismissal with prejudice of a negligence and breach of the duty of good faith and fair dealing case brought against Appellee, Karl Perry Enterprises, Inc., d/b/a Goodtime Stores. In three points of error, Ruben Gutierrez, Appellant, complains that the trial court improperly sustained Appellee's special exceptions and dismissed Appellant's cause of action. We affirm the order of dismissal of the trial court.

## I. *SUMMARY OF THE EVIDENCE*

On February 16, 1989, Appellee directed Appellant, an employee at one of Appellee's Goodtime Stores, to travel from his store to the main office to obtain material and paychecks for employees at his store. Appellee did not provide Appellant with a company-owned automobile for the task and instructed Appellant to use his personal vehicle. During the trip, Appellant's vehicle was struck and damaged by an automobile driven by a person unknown to Appellant.

Appellant brought suit against Appellee for negligence, alleging that Appellee had a duty to provide him with the necessary implements to perform his duties as an employee and that Appellee's breach of this duty proximately caused the damage to his vehicle. Appellant also alleged that Appellee agreed to repair his vehicle and breached its duty of good faith and fair dealing by then offering an inadequate sum to effectuate such repairs. Appellee answered in the suit and filed special exceptions to the petition. In its

special exceptions, Appellee contends that the petition fails to state a cause of action for negligence or the breach of a duty of good faith and fair dealing as a matter of law. After a hearing, the trial court sustained Appellee's special exceptions and granted Appellant time to amend his pleadings. Appellant elected to stand on his pleadings, and the trial court dismissed with prejudice Appellant's cause.

## II. *DISCUSSION*

A trial court has broad discretion in ruling on special exceptions. On review, the trial court's ruling will be reversed only upon a showing of abuse of discretion. *Fuentes v. McFadden*, 825 S.W.2d 772, 778 (Tex.App.—El Paso 1992, no writ); *Davis v. Quality Pest Control*, 641 S.W.2d 324, 328 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). The test to be applied for determining whether a trial court has abused its discretion is whether the trial court acted without reference to any guiding rules and principles, or in other words, acted in an arbitrary and unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *Fuentes*, 825 S.W.2d at 778.

When reviewing a trial court's dismissal of a cause of action on special exceptions, the reviewing court accepts as true all of the factual allegations of a plaintiff's pleadings. *Aranda v. Ins. Co. of North America*, 748 S.W.2d 210, 213 (Tex.1988); *Armendariz v. Bill Sears Supermarket No. 1*, 562 S.W.2d 529, 530 (Tex.App.—El Paso 1978, writ ref'd n.r.e.). Of course, this does not apply to the plaintiff's assertions as to the law. Legal conclusions of the trial court are subject to *de novo* review in the court of appeals. As the final arbiter of the law, the appellate court has the power and the duty to independently evaluate the legal determinations of the trial court. *Sears, Roebuck and Co. v. Nichols*, 819 S.W.2d 900, 903 (Tex.App.—Houston [14th Dist.] 1991, writ denied); *MJR Corp. v. B & B Vending Co.*, 760 S.W.2d 4, 10 (Tex.App.—Dallas 1988, writ denied).

In his first two points of error, Appellant argues that Appellee's special exceptions lack merit because they do not object to the content of Appellant's pleadings; rather, the special exceptions merely assert that the petition failed to show any grounds to state a cause of action. As such, the special exceptions do not point out intelligibly and with particularity the reasons for such conclusions.

Rule 91 of the Texas Rules of Civil Procedure provides that a special exception shall "point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations in the pleading excepted to." Tex.R.Civ.P. 91. A proper special exception may be used to question the sufficiency in law of the plaintiff's petition. *Lara v. Lile*, 828 S.W.2d 536, 541 (Tex.App.—Corpus Christi 1992, writ denied); *Centennial Ins. Co. v. Commercial Union Ins. Companies*, 803 S.W.2d 479, 483 (Tex.App.—Houston [14th Dist.] 1991, no writ). The form of such an exception will withstand judicial scrutiny if it is specific enough to notify the opposing party of the pleading defect. *Fuentes*, 825 S.W.2d at 778.

Appellee's special exceptions assert that:

(1) Appellee owes no common-law duty to supply Appellant with a company-owned automobile under these circumstances; therefore, Appellant's petition fails to state a cause of action for negligence as a matter of law; and

(2) no implied covenant of good faith and fair dealing exists between an employer and employee, and the offer of Appellee to compromise and settle the disputed claim as to the repair of Appellant's vehicle created no such duty; therefore, Appellant has failed, as a matter of law, to plead facts that state a cause of action for the breach of a duty of good faith and fair dealing.

These special exceptions, when read as a whole, are sufficiently clear to apprise Appellant of Appellee's challenges to the pleadings in Appellant's petition. As such, we find the form of Appellee's special exceptions to be

sufficient to satisfy the requirements of Rule 91.

■■■ We now turn to the substance of the special exceptions. In a negligence cause of action, the existence of "duty" is a question of law for the court to decide from the facts surrounding the occurrence in question. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990); *Mitchell v. Missouri K.T.R. Co.*, 786 S.W.2d 659, 662 (Tex. 1990), *cert. denied*, 498 U.S. 896, 111 S.Ct. 247, 112 L.Ed.2d 205 (1990); *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex. 1983). We have been unable to find any cases in Texas that impose a legal duty on an employer to provide an employee a company-owned automobile to perform such tasks as Appellant was instructed to perform in this case. We must then determine if such a duty should be imposed.

The rule is well settled that an employer must furnish an employee a safe place to work and suitable tools to do assigned work safely. *Chemical Express Carriers, Inc. v. Pina*, 819 S.W.2d 585, 589 (Tex.App.—El Paso 1991, writ denied). The question before this Court is whether that duty should be extended to include providing employees with company-owned vehicles for this type of work-related journey.

Factors that should be considered in determining whether the law should impose a duty are the "risk, foreseeability, and likelihood of injury weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury and consequences of placing that burden on the employer." *Phillips*, 801 S.W.2d at 525; *Mitchell*, 786 S.W.2d at 662; *Clark*, 668 S.W.2d at 309. Of all of these factors, foreseeability of the risk has traditionally been considered to be the most significant. *Phillips*, 801 S.W.2d at 525; *Mitchell*, 786 S.W.2d at 662.

Applying these factors to the instant case, we hold that no such duty existed. Appellant has not pled any facts that show that his personal vehicle was defective or in any way dangerous for the task at hand, or that Appellee knew or should have known of any such dangers. Also, the element of foreseeability of risk to Appellant's vehicle is completely lacking. Appellant pled only that his personal vehicle was struck and damaged by an automobile driven by a person unknown to Appellant. This result was not a foreseeable consequence of requiring Appellant to drive his own vehicle rather than furnishing him with a company-owned vehicle. Accordingly, we hold that Appellee owed no duty under these circumstances, as a matter of law, to provide Appellant with a company-owned vehicle for the duties he was required to perform. Appellant's petition, then, does indeed fail to state a cause of action for negligence, and the trial court did not abuse its discretion in sustaining Appellee's special exception to the negligence cause of action. Appellant's Point of Error No. One is overruled.

■■■ Appellant next pled that once Appellee agreed to repair Appellant's vehicle, Appellee owed a duty of good faith and fair dealing to Appellant in effectuating these repairs. Neither the Texas Supreme Court nor any intermediate appellate court in our State has ever recognized an implied duty of good faith and fair dealing within the employment relationship. *See Amador v. Tan*, 855 S.W.2d 131, 134 (Tex.App.—El Paso 1993, writ denied); *Day & Zimmermann, Inc. v. Hatridge*, 831 S.W.2d 65, 71 (Tex. App.—Texarkana 1992, writ denied) (and cases cited therein). Appellant attempts to circumvent this rule, however, by asserting that Appellee's position is essentially that of an insurance carrier. *See Aranda*, 748 S.W.2d at 212–13; *Arnold v. Nat'l County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex.1987).

In support of this assertion, Appellant's petition states that Appellee first agreed to repair his vehicle, then offered Appellant only $750, an amount Appellee knew or should have known was insufficient to effectuate the repairs. It is the agreement to repair his vehicle, Appellant asserts, that placed Appellee in the position of an insurer with the resulting duty of good faith and fair dealing.

We are unable to see how the actions of Appellee in agreeing to repair Appellant's vehicle placed Appellee in the position of an insurer. Insurance is defined as:

A contract whereby one undertakes to indemnify another against loss, damage, or liability arising from an **unknown or contingent event** and is applicable only to some contingency or act **to occur in future**. . . .

BLACK'S LAW DICTIONARY 802 (6th ed. 1990). [Emphasis added]. In the instant case, Appellee did not agree to indemnify Appellant against loss arising from a contingent event to occur in the future. Appellee merely agreed to repair the damage that had already been done to Appellant's vehicle. As such, the agreement was not an "insurance" agreement.[1]

■ The absence of an insurer/insured relationship between Appellee and Appellant thus leaves Appellant only with their employer/employee relationship to support his cause of action for breach of the duty of good faith and fair dealing. This Court is bound by precedent; consequently, we reject the invitation to recognize this new cause of action. Changes in the common law should be left to the Texas Legislature and our Supreme Court. *Amador*, 855 S.W.2d at 134. Appellant's petition has thus failed to state a cause of action for breach of the implied duty of good faith and fair dealing, and the trial court did not abuse its discretion in sustaining Appellee's special exception to this cause of action. Appellant's Point of Error No. Two is overruled.

In his final point of error, Appellant asserts that the trial court abused its discretion in dismissing the cause based upon the sustaining of the special exceptions, in that none of Appellee's special exceptions should have been sustained and Appellant's petition sufficiently states causes of action upon which Appellant should be allowed to go to trial. Given our holding that the trial court did not abuse its discretion in sustaining Appellee's special exceptions, we hold that the trial court also did not abuse its discretion in dismissing the cause. Accordingly, Appellant's Point of Error No. Three is overruled.

Having overruled each of Appellant's three points of error, the trial court's order of dismissal is hereby affirmed.

---

1. We note here that by first agreeing to repair Appellant's vehicle then offering to pay a sum insufficient to cover the costs of repair, Appellee may have breached an oral contract with Appellant. However, the record in the instant case does not reflect whether a cause of action for breach of contract was not pursued by Appellant in the trial court.