**Affirmed and Opinion and Concurring Opinion filed April 9, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-11-00624-CV

### GARDEN RIDGE, L.P., Appellant

### V.

### ADVANCE INTERNATIONAL, INC., AND HERBERT A. FEINBERG, Appellees

**On Appeal from the 164th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-80706**

## C O N C U R R I N G   O P I N I O N

In an issue of first impression in this court, the majority construes Texas Business and Commerce Code Section 2.718(a) in a manner that conflicts with the unambiguous language of that provision and with opinions from two sister courts of appeals. By allowing a breaching party to show that a liquidated-damages provision is unreasonable based only upon a comparison between the amount of the stipulated damages and the amount of the actual damages incurred, the majority

exposes liquidated-damages provisions in sale-of-goods contracts to a legal standard that may bar enforcement of many such provisions based upon a hindsight analysis that the Texas Legislature never intended.

## Text of the Applicable Statute

Appellant/plaintiff Garden Ridge, L.P. asserts that the liquidated-damages provisions in its contracts for the sale of goods with appellee/defendant Advance International, Inc. are enforceable. Advance maintains that these provisions are void as penalties and unenforceable. Both sides agree, and the law provides, that this issue is governed by Texas Business and Commerce Code section 2.718(a), which provides in its entirety as follows:

> (a) Damages for breach by either party may be liquidated in the agreement but only at an amount which is reasonable in the light of the anticipated or actual harm caused by the breach, the difficulties of proof of loss, and the inconvenience or non-feasibility of otherwise obtaining an adequate remedy. A term fixing unreasonably large liquidated damages is void as a penalty.

Tex. Bus. & Comm. Code Ann. § 2.718(a) (West 2013).

We review the trial court's interpretation of applicable statutes de novo. *See Johnson v. City of Fort Worth*, 774 S.W.2d 653, 655–56 (Tex. 1989). In construing a statute, our objective is to determine and give effect to the Legislature's intent. *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000). If possible, we must ascertain that intent from the language the Legislature used in the statute and not look to extraneous matters for an intent the statute does not state. *Id*. If the meaning of the statutory language is unambiguous, we adopt the interpretation supported by the plain meaning of the provision's words. *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997). We must not engage in forced or strained construction; instead, we must yield to the plain sense of the words the Legislature chose. *See id*.

2

## Interpretation of the Statutory Text

Advance, as the party asserting that the liquidated-damages provisions are penalties, had the burden of proving that these provisions do not satisfy the applicable legal standard for an enforceable liquidated-damages provision under Section 2.718(a). *Baker v. International Record Syndicate, Inc*., 812 S.W.2d 53, 55 (Tex. App.—Dallas 1991, no writ). Under the plain meaning of Section 2.718(a), it was incumbent upon Advance to establish that the amount of damages set by the provisions in question was not reasonable in light of the anticipated harm and the actual harm caused by the breach, the difficulties of proof of loss, and the inconvenience or non-feasibility of otherwise obtaining an adequate remedy. *See* Tex. Bus. & Comm. Code Ann. § 2.718(a).

Both Section 2.718(a) and Texas common law provide that a liquidated-damages provision is enforceable as long as it is not a penalty. *See id*.; *Phillips v. Phillips*, 820 S.W.2d 785, 788 (Tex. 1991) (discussing legal standard under Texas common law). But, to prove that a provision is a penalty under Texas common law, a party must prove that (1) the harm caused by the breach is not incapable or difficult of estimation, or (2) that the amount of liquidated damages called for is not a reasonable forecast of just compensation. *See Phillips*, 820 S.W.2d at 788. The Supreme Court of Texas has indicated that a party may prove that the amount of liquidated damages is not a reasonable forecast of just compensation under the common-law test only by showing that the actual damages incurred were much less than the liquidated-damage amount. *See id*.

As can be seen by comparing the legal standard under Section 2.718(a) and the legal standard under Texas common law, the two legal standards are significantly different. *See McFadden v. Fuentes*, 790 S.W.2d 736, 737–38 (Tex. App.—El Paso 1990, no writ) (holding that the legal standard under Section

3

2.718(a) is different from and supersedes the legal standard under Texas common law in sales-of-goods cases); George E. Henderson, *A New Chapter 2 for Texas: Well-Suited or Ill-Fitting?* 41 TEX. TECH. L. REV. 235, 488–91 (2009) (attaching law professor's analysis concluding that the legal standard under Section 2.718(a) is different from the legal standard under Texas common law). *See also Phillips*, 820 S.W.2d at 788 (reciting the legal standard from Texas common law and then citing Section 2.718(a) with a "*Cf.*" signal, indicating that the statute is different from the common law but deals with an analogous subject matter).

Under Section 2.718(a), Advance had the burden of proving that the amount of damages set by the provisions in question was not reasonable in the light of both the anticipated harm and actual harm caused by the breach. *See* Tex. Bus. & Comm. Code Ann. § 2.718(a); Henderson, *supra*, 41 TEX. TECH. L. REV. at 491 (attaching law professor's analysis concluding that under Section 2.718(a) a liquidated-damages provision is valid if reasonable with respect to *either* anticipated harm *or* actual harm caused by the breach). Under the unambiguous meaning of the word "or" in the statute, a liquidated-damages provision may be reasonable based upon *either* anticipated harm *or* actual harm caused by the breach. *See Comdisco, Inc. v. Tarrant County App. Dist.*, 927 S.W.2d 325, 327 (Tex. App.—Fort Worth 1996, writ ref'd) (holding, in Supreme Court of Texas precedent, that unambiguous meaning of "or" in statute was the disjunctive).[1] If a liquidated-damages provision may be reasonable based upon *either* anticipated harm *or* actual harm caused by the breach, then Advance, as the party with the

---

[1] In cases decided after June 14, 1927, the Supreme Court of Texas's notation of "writ refused" or "petition refused" denotes that the court of appeals's opinion is the same as a precedent of the Supreme Court of Texas. *See Yancy v. United Surgical Partners Int'l, Inc.*, 236 S.W.3d 778, 786 n.6 (Tex. 2007).

burden of proving the provision is unenforceable, had to establish unreasonableness under *both* anticipated harm *and* actual harm caused by the breach. *See* Tex. Bus. & Comm. Code Ann. § 2.718(a).

The majority concludes that the legal standard under Section 2.718(a) is the same as the legal standard under Texas common law and that Advance did not have to show that the liquidated-damages provision was not reasonable in light of the anticipated harm. *See ante* at pp. 7–12. This conclusion is contrary to the plain meaning of the statutory text, under which the liquidated-damages amount may be reasonable based upon either anticipated harm or actual harm caused by the breach. *See id.* The majority treats the statutory sentence "[a] term fixing unreasonably large liquidated damages is void as a penalty" as equivalent to the following sentence from *Phillips*'s articulation of the common law rule: "a liquidated damages provision is unreasonable because the actual damages incurred were much less than the amount contracted for." *See ante* at p. 9 (considering second sentence from Section 2.718(a) as equivalent to this sentence from *Phillips*); Tex. Bus. & Com. Code Ann. § 2.718(a); *Phillips*, 820 S.W.2d at 788. In the second sentence of Section 2.718(a), the Legislature did not address the legal standard by which courts are to determine whether a liquidated-damages provision is void as a penalty; that standard is addressed in the first sentence of Section 2.718(a). *See* Tex. Bus. & Com. Code Ann. § 2.718(a).

The majority relies upon the Supreme Court of Texas's decision in *Flores v. Millennium Interests, Ltd. See* 185 S.W.3d 427 (Tex. 2005). The *Flores* court addressed the circumstances under which a seller of real property under a contract for deed may be liable for the statutory "liquidated damages" afforded in Texas Property Code section 5.077(c). *See id.* at 429–33. In a general discussion of the meaning of the term "liquidated damages," the *Flores* court correctly stated that

5

both Texas common law and Section 2.718(a) recognize a distinction between an enforceable liquidated-damages provision and a void penalty. *See id*. at 431. The *Flores* court did not state that the legal standards under Section 2.718(a) and the common law are the same, nor did the *Flores* court address the legal standard a party must satisfy to show that a liquidated-damages provision is a penalty under Section 2.718(a). *See id*. at 429–33. The *Flores* case does not support the majority's analysis.

The majority also relies upon the Supreme Court of Texas's decision in *Phillips*. *See* 820 S.W.2d at 788. The *Phillips* court addressed the legal standard under Texas common law. *See id*. Determining the proper legal standard under Section 2.718(a) was not before the *Phillips* court, and the court did not address this issue. *See id*. The *Phillips* court did not state that the legal standards under Section 2.718(a) and the common law are the same. *See id*. Instead, after reciting the legal standard under Texas common law, the *Phillips* court cited Section 2.718(a) with a "*Cf.*" signal, indicating that the statute is different from the common law but deals with an analogous subject matter. *See id*. The *Phillips* court did not address the difference between the two legal standards, and this difference was not necessary to the disposition of that case. *See id*. The *Phillips* case does not support the majority's analysis regarding the legal standard under Section 2.718(a).

The majority further relies upon this court's opinion in *Chan v. Montebello Development Company*. *See* No. 14-06-00936-CV, 2008 WL 2986379, at *3–6 (Tex. App.—Houston [14th Dist.] July 31, 2008, pet. denied) (mem. op.). The *Chan* court addressed the legal standard under Texas common law. *See id*. Because the determination of the proper legal standard under Section 2.718(a) was not before the *Chan* court, the court did not address this issue. *See id*. Nor did the

*Chan* court state that the legal standards under Section 2.718(a) and the common law are the same. *See id*. The *Chan* case does not support the majority's analysis regarding the legal standard under Section 2.718(a).

**An Unwarranted Hindsight Analysis**

Under the legal standard the majority adopts today, parties breaching sale-of-goods contracts may avoid enforcement of liquidated-damages provisions based upon a hindsight analysis. This approach not only contravenes the statutory text but also undermines important freedom-of-contract values that are a cornerstone of Texas jurisprudence.

Texas has a fundamental public policy in favor of a broad freedom of contract. *See Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 95 (Tex. 2011) (stating that "[a]s a fundamental matter, Texas law recognizes and protects a broad freedom of contract"). Liquidated-damages provisions in commercial transactions benefit both sides by providing certainty and predictability. By including Section 2-718(a) in Texas's version of the Uniform Commercial Code, the Texas Legislature recognized the utility of liquidated-damages clauses and parties' willingness and desire to choose this remedy in transactions involving the sale of goods. *See* Tex. Bus. & Com. Code Ann. § 2.718(a). The Legislature also recognized that in certain situations, liquidated-damages provisions should not be enforceable, and the Legislature crafted a specific legal standard for making this determination. *See id*.

When a buyer and a seller agree to a liquidated-damages provision, both parties have a potential upside and a potential downside. The idea is that, even though the non-breaching party's expectation damages may be far greater than the amount specified in the liquidated-damages clause, the non-breaching party's recovery is capped at the amount of specified liquidated damages. Under freedom-

of-contract principles, courts must honor the parties' agreement unless the stipulated amount is shown to be unreasonable under Section 2.718(a). *See id.* Under this standard, as discussed above, the party asserting that the provision is void as a penalty must prove that the stipulated amount is unreasonable based both on the harm anticipated at the time of contracting and the actual harm caused by the breach. At the time of contracting, unknown factors often make estimation and calculation of potential damages uncertain.[2] This uncertainty at the time of contracting is often what makes the determination of liquidated damages difficult. Hindsight has a way of making estimations that were reasonable at the time seem unreasonable after a breach. By the time a breach has occurred and the dispute has come to court, the costs and valuations are often easier to estimate and, with hindsight, honest estimates made at the inception of the contract might prove to be too high or too low. This is part of the risk of doing business that parties embrace when agreeing to a liquidated-damages provision. In evaluating these provisions, courts should not lose sight of important principles of freedom of contract and must uphold the sanctity of contract unless the liquidated-damages provision is shown to be a penalty under the standard articulated by the Legislature in Section 2.718(a). *See id.*

With the legal standard adopted by the majority today, the court fails to honor the Legislature's intent of providing leeway for the parties to have stipulated to an amount of liquidated damages that was reasonable under conditions

---

[2] A retail merchant that advertises its products in mass media has a distinct need for the seller to provide conforming goods because the retail merchant must be able to furnish conforming goods to the public. Patrons who see an advertisement and come to the retail merchant's store reasonably may expect to be able to purchase the item advertised. Garden Ridge testified that when the product is not as advertised, the merchant suffers loss of customer goodwill. It may often be difficult to estimate the amount of damages from the loss of goodwill and patronage accompanying the breach of a seller who fails to deliver conforming goods the retail merchant had advertised.

prevailing at the time of contracting but that ends up not measuring damages in a completely accurate manner in a particular case. Enforcing liquidated-damages provisions when they accurately gauge actual damages and not enforcing them when they do not deprives the non-breaching party of the remedy it bargained to receive, contrary to Section 2.718(a). *See id.*

## A Possible Resolution on the Horizon

The Supreme Court of Texas has yet to address the legal standard a party must satisfy to show that a liquidated-damages provision is a penalty under Section 2.718(a). With today's opinion from this court, there are now three different and conflicting views on this question from the three intermediate appellate courts that have addressed this issue. *Compare ante* at p. 6–12, *with TXU Portfolio Management Co. v. FPL Energy, LLC*, 328 S.W.3d 580, 587–88 (Tex. App.— Dallas 2010, pet. granted), *and with McFadden*, 790 S.W.2d at 737–38. The Supreme Court of Texas has granted review in a case in which this issue has been presented. *See* Petition for Review, *FPL Energy, LLC v. TXU Portfolio Management Co.*, No. 11-0050 (Tex. granted Feb. 17, 2012). If this issue is not addressed in the Supreme Court of Texas's opinion in the *FPL Energy* case, uniformity and predictability in the application of Section 2.718(a) would be served by high-court review of this issue in this case or another.

## Conclusion

The majority's interpretation of Section 2.718(a) is more restrictive than the legal standard provided by the Legislature under the plain meaning of that statute. But, because no error asserted by Garden Ridge probably caused the rendition of an improper judgment or probably prevented Garden Ridge from properly presenting this case on appeal, the trial court's judgment should be affirmed. Accordingly, though I respectfully decline to join the majority opinion, I concur in

the court's judgment.


/s/    Kem Thompson Frost
Justice

Panel consists of Justices Frost, Christopher, and Jamison. (Christopher, J., majority).