**Russell B. BURGESS, Appellant,**

v.

**EL PASO CANCER TREATMENT CENTER, Allen Weikel, Pat Lewis, and Danny Rojas, Appellees.**

No. 08–93–00202–CV.

Court of Appeals of Texas, El Paso.

July 28, 1994.

Rehearing Denied Aug. 24, 1994.

Mike Milligan, El Paso, TX, for appellant.

Charles C. High, Jr., Clara B. Burns, Kemp, Smith, Duncan & Hammond, P.C., El Paso, TX, for appellees.

Before KOEHLER, LARSEN and McCOLLUM, JJ.

## OPINION

KOEHLER, Justice.

The primary question in this appeal is whether the courts of this state should recognize a private "whistleblower" cause of action. Russell B. Burgess (Burgess), Appellant, brought suit against Appellees, alleging that they had wrongfully terminated him from employment and discriminated against him because he learned of and complained about a conspiracy among some of the employees to defraud the El Paso Cancer Treatment Center, by theft of some of the Center's property. Appellees specially excepted to Burgess' pleadings for failure to state any cause of action. Upon his refusal to amend, the court dismissed his suit with prejudice. In a single point of error, Burgess complains that the trial court erred in determining that there is no cause of action for an employee who is wrongfully terminated from employment and suffers other acts of discrimination as a result of reporting the criminal acts of other employees. We affirm.

## RELEVANT FACTS

Burgess alleged in his petition that shortly after he was employed in March 1989 as Senior Engineering Technician by El Paso Cancer Treatment Center (Center), he

learned of a conspiracy among some of the employees, including Mel Lyons (the Center's then administrator), Pat Lewis, Danny Rojas, and Joe Arp, the latter being the supervisor of Burgess, Lewis, and Rojas, to defraud the Center by theft of its property. He claimed that these employees would remove good parts from radiation machines and replace them with defective used parts. He also alleged that Arp, Lewis, and Rojas were operating a separate business on Center time. Burgess, believing that the activities of the conspirators "would have a probable adverse effect upon the public, by compromising the effectiveness of the cancer treatment at the CENTER," claimed to have revealed the alleged conspiracy to the conspirators, and to the directors and managers of the Center.

Beginning in September 1990 and continuing until his involuntary termination in October 1991, Burgess made repeated attempts to advise and warn directors and managerial employees of the Center of what he had observed. At first ignored, Burgess was subsequently harassed and subjected to ostracism, practical jokes, and poor evaluations at the hands of Arp, Lewis, and Rojas. After Arp was suspended, Lewis was promoted to his position as Burgess' supervisor. Lewis proceeded to demote Burgess, put him on probation, and placed him in a position to perform work for which he was not completely qualified. Burgess sought approval from Allen Weikel, the new administrator[1] of the Center, but was refused any help. His employment was, thereafter, wrongfully terminated by Weikel and the Center. He subsequently sued the Center, Weikel, Arp[2], Lewis, and Rojas for damages caused by the wrongful termination and by intentional infliction of mental anguish, claiming that they had engaged in numerous acts of discrimination against him, including the termination, in retaliation for reporting in "good faith" the conspiratorial activities of some of his fellow employees. Burgess elected to stand on his pleadings following an order sustaining special exceptions on grounds that he had failed to state any causes of action.

## STANDARD OF REVIEW

■ Special exceptions may be used to question the sufficiency in law of a plaintiff's petition. *Lara v. Lile*, 828 S.W.2d 536, 541 (Tex.App.—Corpus Christi 1992, writ denied); *Centennial Ins. Co. v. Commercial Union Ins. Companies*, 803 S.W.2d 479, 483 (Tex.App.—Houston [14th Dist.] 1991, no writ). A trial court has broad discretion in ruling on special exceptions. *Gutierrez v. Karl Perry Enterprises, Inc.*, 874 S.W.2d 103, 105 (Tex.App.—El Paso 1994, no writ). On review, the trial court's ruling will be reversed only upon a showing of abuse of discretion. *Fuentes v. McFadden*, 825 S.W.2d 772, 778 (Tex.App.—El Paso 1992, no writ); *Davis v. Quality Pest Control*, 641 S.W.2d 324, 328 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). The test to be applied for determining whether a trial court has abused its discretion is whether the trial court acted without reference to any guiding rules and principles, or in other words, acted in an arbitrary and unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *Fuentes*, 825 S.W.2d at 778.

■ In our review of the trial court's dismissal of Burgess' causes of action on special exceptions, we accept as true all of the factual allegations in his pleadings. *Aranda v. Ins. Co. of North America*, 748 S.W.2d 210, 213 (Tex.1988); *Amador v. Tan*, 855 S.W.2d 131, 134 (Tex.App.—El Paso 1993, writ denied); *Armendariz v. Bill Sears Supermarket No. 1*, 562 S.W.2d 529, 530 (Tex.App.—El Paso 1978, writ ref'd n.r.e.). By sustaining Appellees' special exceptions in this case, the trial court concluded as a matter of law that Burgess had failed to state any cause of action. Conclusions of law are always subject to review by the appellate court. *Sears, Roebuck and Co. v. Nichols*, 819 S.W.2d 900, 903 (Tex.App.—Houston [14th Dist.] 1991, writ denied); *MJR Corp. v.*

---

1. Weikel was employed by the Center as its administrator in October 1991 to replace Mel Lyons who had retired from that position.

2. Unable to obtain service on Arp, Burgess later non-suited him.

*B & B Vending Co.,* 760 S.W.2d 4, 10 (Tex. App.—Dallas 1988, writ denied).

## PRIVATE "WHISTLEBLOWER" CAUSE OF ACTION

■ Burgess contends that retaliatory discharge and discriminatory acts, on the facts alleged, should be actionable, although he candidly recognizes that Texas does not presently recognize causes of action such as alleged in his petition. He argues that, based on "whistleblower" statutes protecting governmental employees, termination for reporting internal theft that "would have a probable adverse effect upon the public" is or should be against public policy.

A long established rule in Texas is that employment for an indefinite term may be terminated at will and without cause. *Winters v. Houston Chronicle Publishing Co.,* 795 S.W.2d 723 (Tex.1990). In *Winters,* the Supreme Court affirmed a summary judgment against an at-will employee for failing to state a cause of action when he sued his former employer for retaliatory discharge. Winters claimed that he had been terminated solely as a result of reporting to management that employees of the Chronicle were engaging in several illegal activities, including falsely reporting an inflated number of subscribers, and engaging in inventory theft and participating in an illegal "kickback" scheme. *Id.* at 723. The Court identified numerous exceptions, both in Texas and abroad, to the at-will employee termination rule, none of which applied to Winters. *Id.* at 724.[3] Aside from a number of statutory exceptions creat-

ed by the legislature, none of which apply to Burgess, the Supreme Court has created only two exceptions: where an employee is discharged solely because he refused to perform an illegal act, and where an employee has been terminated primarily so that an employer can avoid contributing to, or paying benefits from, a pension fund. *Winters,* 795 S.W.2d at 724. Admittedly, neither of these exceptions apply to Burgess, but it is his contention and hope that the fact situation in his case meets the criteria set forth in the concurrence of Justice Doggett in *Winters.*

■ In his lengthy concurring opinion written for the purpose of defining "the elements of a cause of action for employees who suffer employer retaliation for exposing from within activities in the workplace that have a probable adverse effect upon the public," Justice Doggett gives a persuasive argument for just such a new cause of action which, as he says, must be "carefully crafted." *Winters,* 795 S.W.2d at 725, 732.[4] Justice Doggett advocates that in this cause of action, the employee must first "prove by a preponderance of the evidence that the principal motivation for employer retaliation was that employee's report, either internally or publicly, of activities within the workplace that would have a probable adverse effect upon the public." *Id.* at 732. Additionally, he proposes that the employee must make a showing of good faith: first, in making the exposé from some motive other than bad ones, and second, in having "reasonable cause to believe that the activities would have

3. In *Winters,* the Supreme Court summarized as follows:

> The long standing rule in Texas is that employment for an indefinite term may be terminated at will and without cause. *East Line & R.R. Co. v. Scott,* 72 Tex. 70, 10 S.W. 99, 102 (1888). To date, this court has created only two exceptions. In *Sabine Pilot Service, Inc. v. Hauck,* 687 S.W.2d 733, 735 (Tex.1985), we recognized a narrow exception for an employee discharged 'for the sole reason that the employee refused to perform an illegal act.' ... We have also recognized another exception for an employee who demonstrates that the principal reason for discharge was the employer's desire to avoid contributing or paying benefits under the employer's pension fund. *McClendon v. Ingersoll-Rand Co.,* 779 S.W.2d

69, 71 (Tex.1989), *cert. granted,* 494 U.S. 1078, 110 S.Ct. 1804, 108 L.Ed.2d 935 (1990). *Winters,* 795 S.W.2d 723–24. However, *McClendon* was subsequently reversed by the U.S. Supreme Court on the ground that the state common law cause of action for damages arising out of a claim that an employee was unlawfully discharged to prevent his attainment of benefits under an ERISA plan was preempted by Section 514 of ERISA (Employee Retirement Income Security Act of 1974). *Ingersoll-Rand Co. v. McClendon,* 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990).

4. Never known as a proponent of "judicial restraint," Justice Doggett displays little confidence in the ability of the Texas Legislature to deal with this problem, perhaps stemming from his lengthy service in that body.

a probable adverse effect upon the public." *Id.* at 732. Burgess broadly asserts that since no court "anywhere ... has refused to recognize a cause of action under circumstances as compelling as those alleged in this case.... [where t]he effectiveness of cancer-fighting radiation equipment is a life or death matter ... [,]" we should do so now. We can envision some real problems connected with such a cause of action as proposed and meticulously outlined by Justice Doggett.[5] Not only will the cause of action require careful crafting but also careful drafting to give employers adequate notice of what they can and cannot do, a job better left to the legislature than to the courts. Although we sympathize with Burgess' plight, we, as an intermediate court, are bound by precedent and are not authorized to create a new cause of action. As we recently stated on two occasions, changes in the common law should be left to the Texas Legislature and our Supreme Court. *Gutierrez*, 874 S.W.2d at 107; *Amador*, 855 S.W.2d at 134; *see Hicks v. Baylor University Medical Center*, 789 S.W.2d 299, 304 (Tex.App.—Dallas 1990, writ denied).

Under the law as it exists today, the trial court did not abuse its discretion in either sustaining Appellees' special exceptions or dismissing Burgess' suit for failure to replead. Burgess' point of error is overruled.

The trial court's order of dismissal is affirmed.

LARSEN, Justice, concurring.

Although I acknowledge that the Texas Supreme Court has not formally recognized the cause of action we address here today, I write separately urging it to do so. The sole question on this appeal is whether we should recognize the private whistleblowing cause of action the Supreme Court declined to recognize ("at this time on these facts") in *Winters v. Houston Chronicle Publishing Co.*, 795 S.W.2d 723, 725 (Tex.1990). Believing this case meets all the elements of the cause of action clearly outlined in Justice Doggett's concurrence, if empowered to do so I would reverse the trial court's decision and remand for trial on the merits.

*STANDARD OF REVIEW*

The trial court dismissed this case after granting defendant's special exceptions and plaintiff's failure to replead his petition. In this situation, we accept as true all facts pled to determine whether plaintiff's pleadings make out a cause of action. *Hubler v. City of Corpus Christi*, 564 S.W.2d 816, 820 (Tex. Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.).

*CAUSE OF ACTION*

The cause of action for whistleblowing in a private work environment was carefully outlined in Justice Doggett's *Winters* concurrence, an opinion now four years old. To make out a prima facie case, the plaintiff must show that the principal motivation for employer retaliation was the employee's report, either internal or public, of activities within the workplace that would have a probable adverse effect upon the public. *Winters*, 795 S.W.2d at 732. The employee must make a two-prong showing of good faith: (1) that the report of employer activity was in good faith and not the result of malice, spite, jealousy, or personal gain; and (2) that the employee had reasonable cause to believe the activity would have an adverse effect on the public. *Id.* Actual violation of a statute is not necessary, but plaintiff must show:

> [t]he asserted wrongdoing about which complaint is made must be demonstrated to contravene substantial societal concerns reflected in our state and federal constitutions and statutes, judicial decisions and administrative decisions, rules and regulations, or other statements of public policy. *Winters*, 795 S.W.2d at 732.

Mr. Burgess' petition makes out a cause of action under these criteria.

It is high time Texas recognized this protection for employees acting in the public interest. In the four years since *Winters* was decided the legislature has failed to act

---

5. For example, would the employer in a small business (such as a one or two lawyer office) have to retain indefinitely a whistleblowing employee who meets all of the proposed Doggett criteria, including what the employee in good faith reasonably believed to be activities that would have a probable adverse effect on the public?

in this vital area. Under these circumstances a judicially-created cause of action is not only appropriate, but critical. The cause of action has been clearly set forth, it is thoughtfully crafted, and I comprehend no reason for further delay in incorporating it into our law. Although I would reverse this case and remand it for trial on the merits if it were within my mandate as an intermediate appellate judge to do so, I recognize this is a power given only to our high court. For that reason, I concur in the majority opinion.