Debbora THOMPSON and Concepcion C. "Mike" Oropeza, Appellants,

v.

EL CENTRO DEL BARRIO and Dr. Ernesto Gomez, Appellees.

No. 04–94–00832–CV.

Court of Appeals of Texas, San Antonio.

Aug. 9, 1995.

Rehearing Overruled Aug. 31, 1995.

Glen D. Mangum, Law Offices of Glen D. Mangum, San Antonio, for appellants.

Robert E. Bettac, Akin, Gump, Strauss, Hauer & Feld, L.L.P., San Antonio, for appellees.

Before CHAPA, C.J., and RICKHOFF and STONE, JJ.

## OPINION

RICKHOFF, Justice.

This appeal questions the viability of a claim for "whistleblowing" when a private employer misuses public funds. The appellants and plaintiffs below, Debbora Thompson and Concepcion Oropeza, worked for El Centro Del Barrio (El Centro), a private nonprofit corporation that operates community health clinics with public funding. The appellants contend they were fired in retaliation for reporting "improper, fraudulent and unlawful" activities of Dr. Ernesto Gomez, El Centro's director. At El Centro's request, the trial court dismissed appellants' lawsuit. In a single point of error, the appellants argue that the trial court abused its discretion in determining that no cause of action exists for private whistleblowing. We affirm.

## Background

### 1. Factual Summary

According to the appellants' live pleading, which forms the basis of their dismissal, El Centro operates a community health center and other social services in Bexar County, Texas. It receives local, state, and federal funding as well as private contributions. The funding sources require El Centro to use the money for stipulated purposes.

In 1992, El Centro's comptroller, Thompson, and its assistant comptroller, Oropeza, observed other employees working on private tasks for Gomez while on company time with company supplies. At oral argument, appel-

lants' counsel described these tasks as research and word processing on a private contract between Dr. Gomez and another agency. Thompson and Oropeza believed these activities to be a misuse of public money, and Thompson twice reported them to Gomez, who promised to look into the matter. Thompson also complained to Gomez about an affair between two employees and about hiring students from the college where Gomez taught.

Gomez then investigated whether Thompson was having an affair with a co-worker. He requested that Thompson resign because he no longer had confidence in her judgment or objectivity. When she did not resign, he discharged her.

Oropeza, as acting comptroller, continued to question Gomez about the improprieties previously reported by Thompson. Oropeza complained orally and in writing to the U.S. Department of Health and Human Services (HHS). He distributed copies of the letter to Gomez and El Centro's Board of Directors. Gomez placed Oropeza on administrative leave, alleging that Oropeza wrote his letter to retaliate for Gomez's criticism of Oropeza's work. Oropeza wrote a second letter to HHS, and Gomez asked Oropeza to resign because his conduct irreparably damaged their working relationship. Oropeza did not resign, and Gomez discharged him.

## 2. Procedural Summary

On May 12, 1994, the trial court, with James C. Onion presiding, granted a partial summary judgment in the appellees' favor on the appellants' claims of intentional infliction of emotional distress, defamation, tortious interference with contract, and retaliatory discharge for reporting sexual harassment and age discrimination in violation of the Texas Commission on Human Rights Act. The court denied summary judgment on the appellants' whistleblowing claim, noting:

> [A]lthough Defendant El Centro Del Barrio is a private non-profit corporation, it is a recipient of public funds, which Plaintiffs contend were provided solely for the pur-

pose of performing its mission of service to the public. This sets it apart from other private employers in determination of whether it falls under the rule announced in *Winters v. Houston Chronicle Pub. Co.,* 795 S.W.2d 723 (Tex.1990), that private employees have no cause of action for wrongful discharge for reporting the allegedly illegal activities of their employer (at least on the facts presented in the *Winters* case). It is the opinion of this Court that, if presented with the facts alleged by the Plaintiffs in this summary judgment record, the Texas Supreme Court would recognize a cause of action for the Plaintiffs, based on a "public policy" exception to the doctrine of employment at will.

The appellees filed special exceptions to the appellants' petition, alleging that Texas does not recognize a private whistleblower cause of action. On September 23, 1994, the trial court, with Carleton B. Spears presiding, ordered the appellants to replead since *"Winters ...* stands for the proposition that there is no cause of action currently recognized under Texas law for private-sector employees who complain of discrimination or retaliation against them because of 'whistleblowing.'" The appellants amended their petition to allege additional whistleblowing facts but did not add any new causes of action. Without further hearing, the trial court dismissed the appellants' case.[1]

## Argument on Appeal

The appellants contend the trial court erred in dismissing their cause of action because it contravenes public policy to permit a private employer, which operates on public funds, to discharge an employee who, acting in good faith, reports fraudulent or illegal activity to the employer or appropriate governmental unit.

## 1. Standard of Review

 Special exceptions may be used to question the legal sufficiency of a plaintiff's petition. *Burgess v. El Paso Cancer Treat-*

---

1. Although Gomez is named in the style of the dismissal order, the earlier summary judgment

effectively removed him from the lawsuit.

ment Ctr., 881 S.W.2d 552, 554 (Tex.App.—El Paso 1994, writ denied). A ruling on special exceptions, including a subsequent dismissal, will not be reversed absent an abuse of discretion. Id.; Thompson v. Dart, 746 S.W.2d 821, 829 (Tex.App.—San Antonio 1988, no writ). The trial court abuses its discretion when it acts without reference to any guiding rules and principles or acted in an arbitrary and unreasonable manner. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42 (Tex.1985), cert. denied, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). In making this determination, the appellate court accepts as true all factual allegations in the plaintiff's pleadings. Burgess, 881 S.W.2d at 554; Ulloa v. Davila, 860 S.W.2d 202, 205 (Tex.App.—San Antonio 1993, no writ).

### 2. Analysis

■ The appellants argue that Winters v. Houston Chronicle Publishing Co., 795 S.W.2d 723 (Tex.1990), is not controlling in their case because it is factually dissimilar and did not settle a rule of law; that is, did not reject private whistleblowing. In Winters, the Supreme Court affirmed a summary judgment against an at-will employee for failing to state a cause of action when he sued his former private employer for retaliatory discharge. 795 S.W.2d at 723. Winters claimed that he was discharged because he reported to his supervisors possible illegal activities, including inventory theft, kickbacks, and false reporting of an inflated number of subscribers. Id.

The Supreme Court reiterated the established rule in Texas that employment for an indefinite term may be terminated at will and without cause. Id. Aside from a number of statutory exceptions not applicable to Winters or our appellants, id. at 724 & n. 1, the Court noted only two common law exceptions to the at-will doctrine: (1) where an employee is terminated solely because he refused to perform an illegal act; and (2) where an employee is terminated primarily to avoid paying him pension benefits.[2] Id. at 724.

The Court acknowledged that other jurisdictions protect private sector employees but declined to follow those jurisdictions "at this time on these facts." Id. at 725 & n. 3.

In a concurring opinion, Justice Doggett agreed that Winters' case was not the most appropriate to announce a new rule of law but wrote separately to outline the elements of private whistleblowing. Id. at 725. First, the employee must "prove by a preponderance of the evidence that the principal motivation for employer retaliation was that employee's report, either internally or publicly, of activities within the workplace that would have a probable adverse effect upon the public." Id. at 732. The employee must then show good faith in reporting the activities and in reasonably believing they would adversely affect the public. Id.

Justice Doggett's elements were reviewed by the El Paso Court of Appeals in Burgess, where an employee was terminated after reporting to his employer a conspiracy among fellow employees to put defective parts into their employer's radiation machines. 881 S.W.2d at 555–56. The discharged employee argued that, unlike the harm in Winters, the public's potential harm from this activity involved life and death; thus, public policy demanded that whistleblowers be protected against retaliatory discharge. Burgess, 881 S.W.2d at 556.

In declining to recognize a cause of action for private whistleblowing, the El Paso court said, "We can envision some real problems connected with such a cause of action as proposed and meticulously outlined by Justice Doggett." Id. The court concluded that a change in the common law should be left to the Supreme Court or the Texas legislature. Id.; see also Ford v. Landmark Graphics Corp., 875 S.W.2d 33, 34 (Tex.App.—Texarkana 1994, no writ) (declining, without discussion, to recognize a cause of action for private whistleblowing). In a concurring opinion, Justice Larsen observed that the legislature had failed to recognize a claim for

---

**2.** Effectively, there is only one judicial exception to the at-will doctrine because damages arising from claims involving employee benefits are preempted by the Employee Retirement Income Security Act (ERISA). Ingersoll–Rand Co. v. McClendon, 498 U.S. 133, 139, 111 S.Ct. 478, 483, 112 L.Ed.2d 474 (1990).

private whistleblowing and urged the Supreme Court to judicially create one. *Burgess,* 881 S.W.2d at 556–57. Without opinion, the Supreme Court denied review of *Burgess.*

Although the *Winters* court did not foreclose the possibility of a private whistleblower claim, it did not create such a cause of action. In declining to review *Burgess,* the Supreme Court refused to adopt private whistleblowing, at least on the facts of *Burgess.* Unlike the terminated employees in *Winters* and *Burgess,* the appellants in this case were fired for both internal and *external* reporting of fraudulent and illegal activity that involved *public* funding.[3] Despite these differences, we find *Winters* controlling.

The appellants argue that, rather than create a new cause of action, we need only extend the holding of *Sabine Pilot Service, Inc. v. Hauck,* 687 S.W.2d 733, 735 (Tex. 1985), which prohibits employers from firing employees who refuse to perform illegal acts. They maintain that if private employers cannot fire their employees for refusing to do illegal acts, then private employers cannot fire their employees for reporting those illegal acts. We feel bound by *Winters* and *Burgess* not to create a new cause of action or extend the holding of *Sabine Pilot.* While we recognize the importance of private whistleblowing, like the El Paso court, we feel constrained to leave the issue of private whistleblowing to the legislature and the Supreme Court.

### Conclusion

Under the law as its exists today, we conclude the trial court did not abuse its discretion in dismissing the appellants' lawsuit. We overrule appellants' sole point of error and affirm the trial court's judgment.

---

**3.** We find the appellants' allegations of illegality sufficient although they did not name the statutes or administrative rules they believed were violated.