**Lynda Gail AUSTIN, Appellant,**

v.

**HEALTHTRUST, INC. — THE HOSPITAL COMPANY, Gulf Coast Medical Foundation d/b/a Gulf Coast Medical Center and Patrick Lilley, Appellees.**

No. 13-95-574-CV.

Court of Appeals of Texas,
Corpus Christi.

June 5, 1997.

Rehearing Overruled July 24, 1997.

Lancelot Olinde, Jr., Olinde & Iglesias, Houston, Gregg M. Rosenberg, Ian Scharfman, Houston, for Appellant.

David Goldman, Chad A. Shultz, Law Offices of Ford & Harrison, Atlanta, GA, Layne Allen Thompson, Strasburger & Price, Houston, for Appellees.

Before SEERDEN, C.J., and YANEZ and RODRIGUEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

Lynda Gail Austin, appellant, brought suit against her former employer and supervisor, appellees, claiming that she was wrongfully terminated in retaliation for reporting the illegal drug use of a co-worker. The trial court granted summary judgment in favor of appellees. We affirm.

### FACTUAL BACKGROUND

Appellant worked as an emergency room nurse at Gulf Coast Medical Hospital since 1978. In July 1992, appellant noticed another emergency room nurse, Clay Adam, acting in a manner consistent with someone under the influence of drugs or narcotics. Appellant learned shortly thereafter that Adam had signed out drugs from the hospital pharmacy to patients for whom the drugs had not been ordered by a physician.

Appellant reported this conduct to her supervisor, Patrick Lilley, and wrote out a report detailing such conduct. Lilley instructed appellant not to tell anyone of her observations and findings. Appellant complied.

However, following appellant's report, appellant came under extreme scrutiny from Lilley. Appellant alleged that she attended a previously authorized seminar for emergency room nurses, and that when she returned to work on December 1, 1992, she was immediately fired and asked to leave by Lilley. After learning that Lilley was a family friend of Adam, appellant brought suit against the HealthTrust Inc.—The Hospital Company, the Gulf Coast Medical Foundation d/b/a Gulf Coast Medical Center, and Lilley (appellees), alleging that her discharge was principally motivated as retaliation for her reporting of Adam's engagement in illegal and dangerous conduct.

Appellees, without first filing special exceptions, moved for summary judgment on the basis that appellant's petition failed to state a cognizable claim for wrongful discharge under Texas law. This motion was

granted by the trial court, and the appellant brings error.

## ANALYSIS

Ordinarily, a summary judgment cannot be based solely upon the failure of a plaintiff to plead a cause of action unless the defendant levels a special exception to the deficiency, affording the plaintiff an opportunity to amend his pleading to state a cause of action. *See Texas Dept. of Corrections v. Herring*, 513 S.W.2d 6, 9 (Tex.1974). However, where the plaintiff pleads facts which affirmatively negate his cause of action, summary judgment on the pleadings is proper. *Id.* at 10; *Perez v. Kirk & Carrigan*, 822 S.W.2d 261, 269 (Tex.App.—Corpus Christi 1991, writ denied). In this case, appellees, in their motion for summary judgment, specifically stated that they were relying on the factual assertions in appellant's pleadings, and that such facts affirmatively negated any such cause of action.

Additionally, after appellees filed their motion for summary judgment, appellant failed to replead or complain that she was not given an opportunity to replead. Furthermore, appellant did not assign this ground as a point of error, nor did she brief it. Accordingly, even if the trial court had erred, any complaint that summary judgment was granted without opportunity to amend, or that appellees' summary judgment evidence was defective, was waived. *San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 209–10 (Tex.1990); *Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

When reviewing a summary judgment, we indulge every reasonable inference in favor of the non-movant, and all evidence favorable to the non-movant will be taken as true. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). The movant has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Id.*

In a single point of error, appellant claims that the trial court erred in granting appellees' motion for summary judgment. Appellant acknowledges that Texas law does not yet recognize a cause of action for retaliatory discharge of an employee who reports the illegal activities of others in the workplace, but argues that under the facts of her case, there is a compelling societal interest to recognize such a claim.

A long established rule in Texas is that employment for an indefinite term may be terminated at will and without cause. *Winters v. Houston Chronicle Publishing Co.*, 795 S.W.2d 723, 723 (Tex.1990). The single exception to the at-will doctrine in Texas protects employees from retaliatory termination for refusing to engage in illegal activity. *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex.1985).[1] The mere reporting of criminal acts will not, however, protect an employee from willful termination. *Winters*, 795 S.W.2d at 724; *Thompson v. El Centro Del Barrio*, 905 S.W.2d 356, 359 (Tex. App.—San Antonio 1995, writ denied); *Burgess v. El Paso Cancer Treatment Ctr.*, 881 S.W.2d 552, 557 (Tex.App.—El Paso 1994, writ denied).

Appellant argues that the facts of her case meet the criteria set forth in Justice Doggett's concurring opinion in *Winters*. In his concurring opinion, Justice Doggett defines "the elements of a[new] cause of action for employees who suffer employer retaliation for exposing from within activities in the workplace that have a probable adverse effect upon the public." *Winters*, 795 S.W.2d at 725 (J. Doggett, concurring). Justice Doggett advocates that in this cause of action, the employee must first "prove by a preponderance of the evidence that the principal motivation for employer retaliation was that employee's report, either internally or publicly, of activities within the workplace that would have a probable adverse effect

---

1. The *Winters* decision also cited another exception for an employee who demonstrates that the principal reason for discharge was the employer's desire to avoid contributing or paying benefits under the employer's pension fund. This exception has effectively been deleted because damages arising from claims involving employee benefits are preempted by the Employee Retirement Income Security Act (ERISA). *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990); *Thompson v. El Centro Del Barrio*, 905 S.W.2d 356, 358, n. 2 (Tex.App.—San Antonio 1995, writ denied).

upon the public." *Id.* at 732. The employee must then show good faith in reporting the activities, and have "reasonable cause to believe that the activities would have a probable adverse effect upon the public." *Id.*

Appellant argues that in the case at hand, unlike in *Winters,* there is a compelling societal interest in allowing individuals to report violations of the law without fear of retaliation, especially when the harm from the violation in question involves life or death. This argument has been overruled by other intermediate appellate courts. *See Thompson,* 905 S.W.2d at 359 (private whistleblower reported improper and fraudulent use of public funds by a private nonprofit corporation); *Burgess,* 881 S.W.2d at 556 (private whistle blower reported conspiracy whereby employees would remove good parts from radiation machines and replace them with defective used parts at a private cancer treatment center).

■ Although we sympathize with appellant's plight, we, as an intermediate court, are bound by precedent and are not authorized to create a new cause of action. *Thompson,* 905 S.W.2d at 359; *Burgess,* 881 S.W.2d at 556. Although the *Winters* court did not foreclose the possibility of a private whistle blower claim, it did not create such a cause of action. *Thompson,* 905 S.W.2d at 359. In declining to review *Thompson* and *Burgess,* the Texas Supreme Court refused to adopt a cause of action for private whistle blowing on facts similar to those of the case at hand. We are duty bound to follow the Supreme Court's authoritative expressions of law and to leave changes in the application of common law rules to that court or the legislature. *Rios v. Texas Commerce Bancshares, Inc.,* 930 S.W.2d 809, 816 (Tex.App.—Corpus Christi 1996, writ denied); *Penick v. Christensen,* 912 S.W.2d 276, 286 (Tex.App.— Houston [14th Dist.] 1995, writ denied).

Accordingly, appellant's sole point of error is overruled, and the judgment of the trial court is affirmed.

Concurring opinion by YANEZ, J.

YANEZ, Justice, concurring.

Although I Agree with the majority that we do not have the authority to create a new cause of action, I write separately to add that I not only sympathize with appellant's plight in this case, I find that the facts in this case are more compelling that those in *Winters v. Houston Chronicle Pub Co.,* 795 S.W.2d 723 (Tex. 1990), and therefore fall squarely within the type of facts which would support a private whistle blower claim as expressed by Justice Doggett in his concurring opinion.

In this case, public policy certainly dictates that failure to protect the employee from retaliation for reporting the use of narcotics in the emergency room of a hospital clearly places the public at extreme risk of harm.