NUMBER 13-03-347-CV

COURT OF APPEALS
 
THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




PHYLLIS McNEAL AND MARK WRIGHT,                            Appellants,

v.

HUGHES THOMAS,                                                            Appellee.




On appeal from the 156th District Court
of San Patricio County, Texas.




MEMORANDUM OPINION ON REHEARING

Before Chief Justice Valdez and Justices Hinojosa and Castillo

Memorandum Opinion by Justice Castillo

         Appellee Hughes Thomas filed a motion for rehearing, asserting that we made
a dispositive error by: (1) applying Tuloma Gas Prods. Co. v. Lehmberg, 430 S.W.2d
281 (Tex. Civ. App.–San Antonio 1968, writ ref'd n.r.e.); and, (2) holding that the
duty to warn attached to a person at the scene who did not own livestock that had
roamed onto the highway. We requested a response to the motion, and one was filed. 
Tex. R. App. P. 49.2. We grant Thomas's motion for rehearing. Tex. R. App. P.
49.3. We withdraw our opinion and, in its place, substitute this opinion. 
         This is an appeal from a summary judgment. Appellants Phyliss McNeal and
Mark Wright sued appellee Hughes Thomas for personal injuries and property damage
after Wright's pickup truck ran into a cow on U.S. Highway 181 in San Patricio
County. The trial court granted Thomas's motion for summary judgment. We affirm.
I. BACKGROUND 
         About 8:30 the evening of March 13, 2000, Wright was driving his truck
northbound on U.S. Highway 181, less than a mile from county road 22 in San Patricio
County. McNeal was his passenger. A cow started to cross the highway. The truck
hit the cow. McNeal and Wright sued Thomas, alleging that his negligence caused the
accident.


 Thomas filed both traditional and no-evidence motions for summary
judgment. See Tex. R. Civ. P. 166a(b), (i). The trial court granted summary judgment
without specifying the grounds on which it did so. This appeal ensued. 
II. SUMMARY-JUDGMENT ANALYSIS
         By seven issues, McNeal and Wright assert that the trial court erred in granting: 
(1) Thomas's traditional summary-judgment motion because there are genuine issues
of material fact; (2) the traditional motion because it was legally insufficient; (3) the
traditional motion because the asserted deficiencies in the pleadings can be cured by
amendment; (4) the no-evidence motion because the evidence brought forth more than
a scintilla of probative evidence to raise a genuine issue of material fact; (5) the no-evidence motion because it was legally insufficient; (6) the no-evidence motion
because the asserted deficiencies in the pleadings can be cured by amendment; and
(7) the no-evidence motion because there had not been adequate opportunity for
discovery. 
 
 A. Summary-Judgment Grounds
1. Traditional Grounds and Response
       In his traditional motion, Thomas asserted: (1) absent a common-law rule of
restraining cattle, he cannot be held to a common-law duty; (2) even if McNeal and
Wright pleaded a statutory cause of action under section 143.102 of the Texas
Agriculture Code,


 there is no evidence Thomas owned the cow; (3) the owner of the
livestock, not the owner of the land, has the statutory duty to prevent livestock from
roaming onto a state or federal highway; and, (4) even if Thomas owned the cow,
there was no evidence he knew or should have known that the cow was roaming at
large on U.S. Highway 181. Thomas's traditional summary-judgment evidence
included his affidavit: 
                           I am not the owner of the cow hit by Mark Wright on March 13, 2000. 
I saw the dead cow and the brand was not mine. I have not owned
cattle for 20 years. Prior to the accident there was a strong, windy
storm. The wind was sufficient to blow down a tree which damaged
part of the fence sufficient to allow the cow to escape. I have no
knowledge of any prior incidents involving that tree. I had no reason to
believe it would fall down. I am a part-owner of the land and I lease the
land to another. I do not have right of control over the land. The brad
[sic] recorded in San Patricio County in 1972 is still my brand. I have
used no other brand. The brand on the cow is EH." 




2. No-Evidence Grounds

         In his no-evidence motion, Thomas asserted that there was no evidence to raise
a genuine issue of material fact regarding duty. In his factual overview, he
characterized McNeal and Wright's suit as claiming he had a duty to prevent the cow
from wandering or escaping onto the highway. 
3. Summary-Judgment Response
         In their summary-judgment response, McNeal and Wright argued that disputed
issues of material fact precluded summary judgment, including: (1) ownership of the
cow; and (2) ownership or lease of the land from which the cow roamed. In their
summary-judgment affidavits, McNeal and Wright stated that they spoke to a deputy
sheriff and a Texas Department of Public Safety ("DPS") trooper at the scene. Both
affidavits stated: (1) each heard Thomas tell the trooper to bury the cow after the
trooper stated that only the owner of the cow could direct how to dispose of it;
(2) each verified that the brand on the cow matched Thomas's brand on file in the
county clerk's records and on the gate to his property; (3) each heard Thomas admit
after the accident that he called the cow from across the highway immediately before
the collision; (4) Thomas did not tell the trooper he leased the land to anyone;
(5) Thomas did not tell the trooper that someone else owned the cow; (6) Thomas
gave his address on the accident report as owner of the cow; (7) each heard Thomas
say "it was one cow down and four to go"; and (8) each had been in the area several
days and did not experience any storms. 
 
B. Summary-Judgment Standards of Review
         On appeal, the standard of review for the grant of a motion for
summary judgment is determined by whether the motion was brought on no-evidence
or traditional grounds. Tex. R. Civ. P. 166a(i), (c); Ortega v. City Nat'l Bank,
97 S.W.3d 765, 771 (Tex. App.–Corpus Christi 2003, no pet.). The difference in
relative burdens between the parties in the two types of summary-judgment motions
is significant. Ortega, 97 S.W.3d at 771. Determination of the nature of the motion
for summary judgment under analysis is critical. Id. Accordingly, we first address
how we will review Thomas's motions. 
         We note that the mere existence of evidence attached to a no-evidence
summary-judgment motion is not sufficient to allow the court to disregard the no-evidence motion. See Binur v. Jacobo, 135 S.W.3d 646, 651 (Tex. 2004) (holding
that evidence attached to no-evidence motion shall not be considered but motion
should not be disregarded or treated as traditional motion); see also Oasis Oil Corp. v.
Koch Ref. Co., 60 S.W.3d 248, 250 (Tex. App.–Corpus Christi 2001, pet. denied). 
The no-evidence portion of Thomas's motion contained no argument, analysis, or case
law. Even so, "[i]f a motion clearly sets forth its grounds and otherwise meets Rule
166a's requirements, it is sufficient." Jacobo, 135 S.W.3d at 651. Accordingly, we
separately analyze Thomas's traditional and no-evidence motions. 
          The function of summary judgment is to eliminate patently unmeritorious
claims and defenses, not to deprive litigants of the right to a jury trial. Alaniz v.
Hoyt, 105 S.W.3d 330, 344 (Tex. App.–Corpus Christi 2003, no pet.). In both
traditional and no-evidence summary-judgment motions, we review the evidence "in
the light most favorable to the nonmovant, disregarding all contrary evidence
and inferences." See KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.,
988 S.W.2d 746, 748 (Tex. 1999); Branton v. Wood, 100 S.W.3d 645, 646 (Tex.
App.–Corpus Christi 2003, no pet.). The movant bears the burden of showing
both no genuine issue of material fact and entitlement to judgment as a matter of
law.  Hoyt, 105 S.W.3d at 345. We affirm a trial court's ruling on a summary-judgment motion if any of the theories advanced in the motion is meritorious. 
State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993); Boren v.
Bullen, 972 S.W.2d 863, 865 (Tex. App.–Corpus Christi 1998, no pet.). We review
a summary judgment de novo to determine whether a party established its right to
prevail as a matter of law. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49
(Tex. 1985); Ortega, 97 S.W.3d at 771. 
1. Traditional Motion under Rule 166a(c)
         The non-movant has the burden to respond to a traditional summary-judgment
motion if the movant conclusively: (1) establishes each element of its cause of action
or defense; or (2) negates at least one element of the non-movant's cause of action
or defense. Hoyt, 105 S.W.3d at 345. Thus, summary judgment for a defendant is
proper if the defendant disproves at least one element of each of the plaintiff's claims
or affirmatively establishes each element of an affirmative defense to each claim. Id.                            2. No-Evidence Motion under Rule 166a(i)
         We review a no-evidence motion for summary judgment under the same legal-sufficiency standard as a directed verdict. See Tex. R. Civ. P. 166a(i); see also
Branton, 100 S.W.3d at 646. The movant must assert that there is no evidence of
an essential element of a particular claim or defense which the nonmovant would have
the burden of proving at trial. Branton, 100 S.W.3d at 647. By definition, the movant
does not produce any evidence. See Tex. R. Civ. P. 166a(i). Rather, the nonmovant
must produce sufficient evidence to raise a genuine issue of material fact as to the
challenged elements. Id.; Branton, 100 S.W.3d at 647. We consider any quantum
of evidence greater than a scintilla sufficient to raise a genuine issue of material fact. 
Branton, 100 S.W.3d at 647. More than a scintilla of evidence exists when the
proffered evidence "would enable reasonable and fair-minded people to differ in their
conclusions." Id. Conversely, less than a scintilla of evidence exists when the
proffered evidence merely "creates a . . . surmise or suspicion of a fact" as to the
material elements. Id. 
C. Disposition of Thomas's Traditional Summary-Judgment Motion
1. Roaming Livestock
         The Texas Legislature has not been oblivious to safety concerns raised by
roaming livestock. Gibbs v. Jackson, 990 S.W.2d 745, 750 (Tex. 1999). With its
policymaking authority, the Legislature has considered fence and livestock restraint
laws for virtually every type of roadway over which it has jurisdiction. Id. A
landowner or occupier may have a duty to create and maintain a fence enclosing
his property to keep livestock in or out. William V. Dorsaneo III, Texas Litigation
Guide § 280.04 at 18-280 (2004). Livestock owners may be liable for negligence
if their animals stray onto highways. Gibbs, 990 S.W.2d at 749; Beck v.
Sheppard, 566 S.W.2d 569, 572-73 (Tex. 1978); see Weaver v. Brink,
613 S.W.2d 581, 583-84 (Tex. Civ. App.–Waco 1981, writ ref'd n.r.e.). However,
there is no common-law duty in Texas for an owner of livestock to restrain the animals
within fences. Gibbs, 990 S.W.2d at 747; Goode v. Bauer, 109 S.W.3d 788, 791
(Tex. App.–Corpus Christi 2003, pet. denied). Any duty to restrain livestock is
statutory. Bauer, 109 S.W.3d at 791. 
         Two types of statutes in Texas address an owner's obligation regarding
livestock: (1) section 143.102 of the agriculture code,


 which prohibits all owners of
livestock from knowingly allowing their animals to roam at large on the right of way
of a state or federal highway in Texas, regardless of whether the local county has
adopted a stock law requiring the restraint of livestock; and (2) local option stock laws
in those counties that have adopted them.


 Id. Whether under the statutory
prohibition against livestock running at large on state or federal highways or under a
local option stock law, some fault must be attributed to the owner of an animal that
strayed onto a highway for liability to attach. Id. at 792; Straitway Transp., Inc. v.
Mundorf, 6 S.W.3d 734, 741 (Tex. App.–Corpus Christi 1999, pet. denied); Hanna
v. Wright, 504 S.W.2d 779, 782-83 (Tex. Civ. App.–Tyler 1974, no writ). The
presence of livestock on a roadway does not create a presumption that the owner was
negligent. See Beck v. Sheppard, 566 S.W.2d 569, 572 (Tex. 1978). 2. Discussion
         In their first issue, McNeal and Wright assert generally that the trial court erred
in granting Thomas's traditional motion for summary judgment because material
issues of fact preclude summary judgment. The trial court's order granting
Thomas summary judgment does not state the grounds on which the trial court did
so.  Thus, McNeal and Wright, as the nonmovants, must show on appeal that each
independent ground alleged by Thomas is insufficient to support the summary
judgment. Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970); Meru v.
Huerta, 136 S.W.3d 383, 387 (Tex. App.–Corpus Christi 2004, no pet.). 
a. Legal Sufficiency of Thomas's Traditional Motion
         As grounds for his traditional motion for summary judgment, Thomas asserted
that his summary-judgment evidence proved he did not own the cow. Even if he
owned the cow, he added, his summary-judgment evidence negated the "knowingly"
element of any statutory cause of action McNeal and Wright asserted. In their second
issue, McNeal and Wright contend that Thomas's traditional motion for summary
judgment was legally insufficient. However, Thomas's traditional motion presented
summary-judgment proof that disproved at least one element of each of McNeal and
Wright's claims. See Hoyt, 105 S.W.3d at 345. We conclude that Thomas's motion
for traditional summary judgment met the requirements of rule 166a(b). See id.; see
also Tex. R. Civ. P. 166a(b). We overrule McNeal and Wright's second issue. 
b. The "Knowingly" Element of McNeal and Wright's
Causes of Action for Failure to Maintain and Inspect the Fence and 
Failure to Maintain a Proper Lookout over the Livestock and Enclosure

          Section 143.102 of the agriculture code requires a person who owns or has
responsibility for the control of a cow to not "knowingly" permit the animal to traverse
or roam at large, unattended, on the right-of-way of a state or federal highway. Tex.
Agric. Code Ann. §143.102 (Vernon 1982). Construing the evidence favorable to
McNeal and Wright as true, as we must, even if Thomas owned the cow, nothing in
the summary judgment evidence established that he knowingly permitted the cow to
traverse or roam at large, unattended, on the right-of-way of Highway 181. McNeal
and Wright urge us to construe evidence that Thomas knew that the cow was loose
and was on the scene actively looking for her as evidence that Thomas knowingly
permitted the animal to roam at large, unattended, on U.S. Highway 181. 
         "A fact issue is raised by circumstantial evidence if, from the evidence, a
reasonable person would conclude that the existence of the facts is more reasonable
than its nonexistence." Estate of Murphy, 694 S.W.2d 10, 12 (Tex. App.–Corpus
Christi 1984, writ ref'd n.r.e.). "All that is required is that the circumstances point to
ultimate facts sought to be established with such a degree of certainty as to make the
conclusion reasonably probable." Id. (citing Smith v. Tenn. Life Ins. Co., 618 S.W.2d
829, 834 (Tex. Civ. App.–Houston [1st Dist.] 1981, no writ). Although an ultimate
fact may be proved by circumstantial evidence, such a finding must be based on
inferences fairly drawn from the facts in evidence and not on surmise or speculation. 
See Briones v. Levine's Dept. Store, 446 S.W.2d 7, 10 (Tex. 1969). The
circumstances relied on must not be equally consistent with the non-existence of the
ultimate fact. Summers v. Fort Crockett Hotel, Ltd., 902 S.W.2d 20, 25 (Tex.
App.–Houston [1st Dist.] 1995, writ denied). Meager circumstantial evidence from
which equally plausible but opposite inferences may be drawn is speculative and legally
insufficient. Wal-Mart Stores, Inc. v. Gonzales, 968 S.W.2d 934, 936 (Tex. 1998). 
         In this case, we find that McNeal and Wright's summary-judgment proof that
Thomas knowingly permitted the cow to roam onto U.S. Highway 181 consisted solely
of speculation. Thomas's summary-judgment motion advanced the theory and
provided summary-judgment proof that he did not knowingly permit the cow to roam
onto the highway. McNeal and Wright did not counter with controverting summary-judgment proof that Thomas knew that cows had a propensity for escaping from the
property or that Thomas knowingly failed to maintain the fence. See Beck,
566 S.W.2d at 573. The evidence, at most, established that Thomas was alongside
the highway in search of the cow after a windy storm downed the fence and allowed
the cow to escape. 
         Accordingly, we hold that McNeal and Wright's summary-judgment proof did not
raise a fact issue that Thomas knowingly failed to maintain and inspect the fence and
maintain a proper lookout over the livestock and enclosure. We must affirm the trial
court's ruling if any of the theories advanced in Thomas's motion for summary
judgment is meritorious. See State Farm Fire & Cas. Co., 858 S.W.2d at 380; see
also Bullen, 972 S.W.2d at 865. We overrule McNeal and Wright's first issue as it
relates to their common-law or statutory failure-to-maintain causes of action. 
D. Disposition of Thomas's No-Evidence Summary-Judgment Motion
1. Duty to Warn
         Texas law requires proof of three familiar elements to sustain a cause of action
for negligence: (1) a legal duty owed by one party to another; (2) a breach of that
duty; and (3) damages proximately caused by the breach. D. Houston, Inc. v.
Love, 92 S.W.3d 450, 454 (Tex. 2002). The non-existence of a duty ends the inquiry
into whether negligence liability may be imposed. Van Horn v. Chambers, 970 S.W.2d
542, 544 (Tex. 1998). 
         The question of legal duty is a multifaceted issue requiring us to balance a
number of factors such as the risk and foreseeability of injury, the social utility of the
actor's conduct, the consequences of imposing the burden on the actor, and any other 
relevant competing individual and social interests implicated by the facts of the case. 
Otis Eng'g Corp. v. Clark, 668 S.W.2d 307, 309 (Tex. 1983); see 1 J. Hadley Edgar,
Jr. & James B. Sales, Texas Torts and Remedies §1.03[2][b] (2000). Although the
formulation and emphasis varies with the facts of each case, three categories of
factors have emerged: (1) the relationship between the parties; (2) the reasonable
foreseeability of harm to the person injured; and (3) public policy considerations. See
Graff v. Beard, 858 S.W.2d 918, 919 (Tex. 1993); Greater Houston Transp. Co. v.
Phillips, 801 S.W.2d 523, 525 (Tex. 1990); Wilheim v. Flores, 133 S.W.3d 726, 733
(Tex. App. - Corpus Christi 2003, pet. filed). 
2. Discussion
a. Legal Sufficiency of Thomas's No-Evidence Motion
         In their fifth issue, McNeal and Wright argue that Thomas's no-evidence motion
was legally insufficient because it did not comply with Rule 166a's requirements.


 See
Tex. R. Civ. P. 166a(i). The no-evidence portion of Thomas's motion contained no
argument, analysis, or case law. Even so, we already have noted that "[i]f a motion
clearly sets forth its grounds and otherwise meets Rule 166a's requirements, it is
sufficient." See Jacobo, 135 S.W.3d at 651; see also Oasis Oil Corp., 60 S.W.3d
at 250. Thomas's motion sufficiently challenged the "duty" element of McNeal and
Wright's failure-to-maintain and failure-to-warn claims. We overrule McNeal and
Wright's fifth issue. 
b. The Duty Element of McNeal and Wright's Failure-to-Warn Cause of Action         In response to Thomas's no-evidence motion, McNeal and Wright were required
to produce sufficient evidence to raise a genuine issue of material fact as to Thomas's
duty to warn. See Branton, 100 S.W.3d at 647. We consider any quantum of
evidence greater than a scintilla sufficient to raise a genuine issue of material fact. Id. 
Here, the summary-judgment evidence: (1) placed Thomas at the scene before the
accident; (2) showed that Thomas called the cow involved in the accident from across
the highway; and (3) established that Thomas knew that five cows were astray. 
Despite McNeal and Wright's contention that Thomas had a duty to warn of roaming
livestock, we find nothing in the record showing that such a duty exists. McNeal and
Thomas cite no Texas law, and we have found none, imposing a duty to warn of
roaming livestock. Further, after considering risk, foreseeability, and likelihood of
injury as weighed against the social utility of the actor's conduct, the magnitude of the
burden of guarding against the injury, and the consequences of imposing such a
burden, we are not willing to impose a new common law duty. 
          We conclude that the summary-judgment evidence did not constitute a
quantum of evidence greater than a scintilla to prove that Thomas had a duty to warn
travelers on the road of roaming livestock. Thus, the evidence was not sufficient to
raise a genuine issue of material fact on the duty element of McNeal and Wright's
failure-to-warn cause of action. See Branton, 100 S.W.3d at 647. Accordingly, we
hold that the trial court did not err in granting Thomas's motion for summary judgment
on the issue of duty. We overrule McNeal and Wright's fourth issue. E. Disposition of Remaining Issues
1. Judgment on the Pleadings
         In his motion for summary judgment, Thomas asserted that "Plaintiffs have pled
a cause of action which does not exist." In their third and sixth issues, McNeal and
Wright complain that any pleading deficiencies could have been cured by amendment,
making summary judgment improper under both traditional and no-evidence standards. 
         We note that Thomas filed special exceptions but did not obtain a ruling on
them. Ordinarily, summary judgment cannot be based solely on the failure of a
plaintiff to plead a cause of action unless the defendant levels a special exception to
the deficiency, and the trial court affords the plaintiff an opportunity to amend the
pleading to state a cause of action. Austin v. Healthtrust, Inc., 951 S.W.2d 78, 79
(Tex. App.–Corpus Christi 1997), affirmed, 967 S.W.2d 400 (Tex. 1998). Where the
plaintiff pleads facts that affirmatively negate the cause of action, summary judgment
on the pleadings is proper. Id. In this case, Thomas attached McNeal and Wright's
live pleading to his summary-judgment motion. He contended that the facts as alleged 
did not plead a cause of action. See id. After Thomas filed his motion for summary
judgment, McNeal and Wright did not replead or complain they were not given an
opportunity to amend. See id. Accordingly, even if the trial court granted summary
judgment on the pleadings, McNeal and Wright waived any complaint that it did so
without giving them an opportunity to amend. See id.; see also Tex. R. App.
P. 33.1(a). We overrule McNeal and Wright's third and sixth issues. 
2. Inadequate Time for Discovery
         In their seventh issue, McNeal and Wright argue that the trial court erred in
granting the no-evidence motion for summary judgment because: (1) they did not
have adequate time for discovery contrary to rule 166a(i); (2) McNeal's injuries
prevented her from participating or assisting in discovery; and (3) the parties had
agreed to extend the time for Thomas to respond to propounded discovery. 
         Ordinarily, a no evidence summary judgment is restricted in that it cannot be
granted prior to the passage of an "adequate time for discovery." Creative Thinking
Sources, Inc. v. Creative Thinking, Inc., 74 S.W.3d 504, 515 (Tex. App.–Corpus
Christi 2002, no pet.). Accordingly, Thomas bore the burden of proving that a no-
evidence motion for summary judgment was not premature when filed before the
deadline for the completion of discovery. Id. 
         Similarly, we review a trial court's determination that there has been an
adequate time for discovery under an abuse of discretion standard. Specialty Retailers,
Inc. v. Fuqua, 29 S.W.3d 140, 145 (Tex. App.–Houston [14th Dist.] 2000, pet.
denied); McClure v. Attebury, 20 S.W.3d 722, 729 (Tex. App.–Amarillo 1999, no
pet.); Dickson Constr. v. Fidelity & Deposit Co., 5 S.W.3d 353, 357 (Tex.
App.–Texarkana 1999, pet. denied). The test for abuse of discretion is not whether,
in the opinion of the reviewing court, the facts present an appropriate case for the trial
court's action. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241
(Tex.1985). Rather, it is a question of whether the court acted without reference to
any guiding rules and principles. Id. at 241-42. Another way of stating the test is
whether the act was arbitrary or unreasonable. Id. at 242. The mere fact that a trial
judge may decide a matter within his discretionary authority in a different manner than
an appellate judge in a similar circumstance does not demonstrate that an abuse of
discretion has occurred. Id.
         A party may move for a no-evidence summary judgment "after adequate time
for discovery." Tex. R. Civ. P. 166a(i). The rule does not require that discovery must
have been completed, only that there was "adequate time." Specialty Retailers, 29
S.W.3d at 145 (citing In re Mohawk Rubber Co., 982 S.W.2d 494, 498 (Tex.
App.–Texarkana 1998, orig. proceeding)). The question of whether a nonmovant has
had an adequate time for discovery under rule 166a(i) is case-specific. Tempay, Inc.
v. TNT Concrete & Constr., Inc., 37 S.W.3d 517, 522 (Tex. App.–Austin 2001, pet.
denied); McClure, 20 S.W.3d at 729. To determine whether adequate time for
discovery has passed, appellate courts have considered the following non-exclusive list
of factors: (1) the nature of the case; (2) the nature of the evidence necessary to
controvert the no-evidence summary judgment; (3) the length of time the case was
active; (4) the amount of time the no-evidence motion had been on file; (5) whether
the movant had requested stricter deadlines for discovery; (6) the amount of discovery
which has already taken place; and (7) whether the discovery deadlines were specific
or vague. Martinez v. City of San Antonio, 40 S.W.3d 587, 591 (Tex. App.–San
Antonio 2001, pet. denied); Specialty Retailers, 29 S.W.3d at 145; Dickson Constr.,
5 S.W.3d at 356. In the summary judgment context, it is generally not an abuse of
discretion to deny a motion for continuance if the party moving for a continuance has
received the twenty-one days' notice required by rule 166a(c). Tex. R. Civ. P. 166a(c); 
Clemons v. Citizens Medical Center, 54 S.W.3d 463, 469 (Tex. App.– Corpus Christi
2001, no pet.). 
         When a party contends that it has not had adequate opportunity for discovery
before a summary judgment hearing, it must file either an affidavit explaining the need
for further discovery or a verified motion for continuance. See Tex.R. Civ. P. 166a(g),
251, 252; Tenneco, Inc. v. Enter.Prods. Co., 925 S.W.2d 640, 647 (Tex.1996); 
Tempay, 37 S.W.3d at 521-22; Triad Home Renovators, Inc. v. Dickey, 15 S.W.3d
142, 145 (Tex. App.–Houston [14th Dist.] 2000, no pet.). 
         Here, McNeal and Wright filed their lawsuit on March 11, 2002. Thomas
propounded interrogatories and requests for disclosure on April 17, 2002. On May
31, 2002, McNeal and Wright responded to discovery requests.


 On April 14, 2003,
Hughes filed his summary-judgment motion. On May 6, 2003, McNeal and Wright
propounded requests for disclosure, interrogatories and requests for production. On
May 9, 2003, McNeal and Wright filed their response to the summary-judgment
motion. In the response, they included a request for continuance asserting they
needed additional time to complete discovery including the recent discovery
propounded to Thomas. The response contained their counsel's affidavit in support
of the motion for continuance. Their counsel's affidavit stated that his ability to
conduct meaningful discovery in the case was limited by McNeal's physical condition. 
He explained that McNeal had undergone significant medical treatment since the
collision and her ability to assist in the preparation of the case was greatly limited by
her inability to walk, surgery, and rehabilitation. He further stated that her current
condition allowed her to actively participate in needed depositions and the
development of the case on a limited basis. Similarly, in a separately filed, verified
motion for continuance, McNeal and Wright asserted as grounds inadequate time for
discovery due to McNeal's physical condition. 
          Thomas responded to the motion for continuance asserting that: (1) he met the
nine-month deadline in rule 190.3 for conducting discovery; (2) the motion did not
state how McNeal's condition limited Wright's ability to assist in the preparation of the
case; (3) their summary-judgment affidavits indicated they had performed an
investigation prior to filing suit; (4) they served no meaningful discovery until after
Thomas filed his summary-judgment motion; and, (5) McNeal's physical condition
appeared to be irrelevant because discovery was commonly done by counsel. 
         On May 16, 2003, the trial court: (1) denied the motion for continuance by
written order; (2) issued notice setting the summary-judgment motion for submission
on May 16, 2003; and, (3) granted Thomas's motion for summary judgment. On June
6, 2003, unaware that the trial court granted Thomas's summary-judgment motion,
the parties filed a rule 11 agreement to extend the deadline for Thomas's responding
to discovery. 
         The record establishes that: (1) the case was a personal injury case arising from
a vehicular collision with a roaming cow; (2) evidence necessary to controvert the
no-evidence summary judgment primarily focused on ownership of the cow; (3) the
case was active from March 11, 2002 to May 16, 2003; (4) the no-evidence motion
had been on file thirty-two days before entry of judgment; (5) Thomas had not
requested stricter deadlines for discovery; (6) although Thomas had propounded
discovery, McNeal and Thomas propounded discovery after the summary-judgment
motion was filed; and (7) the parties relied on the rule 190.3 discovery control plan. 
We conclude that, on this record, the trial court did not abuse its discretion in denying
the motion for continuance. McNeal and Thomas had adequate time for discovery. 
         Similarly, we conclude that the trial court did not abuse its discretion in denying
the motion for continuance based on McNeal's physical condition. The record
establishes that: (1) Thomas met the nine-month discovery period under rule 190.3;


 
(2) the motion for continuance did not state how McNeal's condition limited Wright's
ability to assist in the preparation of the case; (3) McNeal and Wright performed an
investigation prior to filing suit; and (4) they served no discovery until after Thomas
filed his summary-judgment motion. 
         Further, we conclude that McNeal and Wright waived their right to complain on
appeal that the parties had agreed to extend the time for Thomas to respond to
propounded discovery. They did not raise the issue before the trial court. Thus, they
have waived error. Tex. R. App. P. 33.1(a)(1). 
         Accordingly, we overrule McNeal and Wright's seventh issue.
III. CONCLUSION
         We affirm the trial court's judgment on McNeal and Wright's common-law and
statutory claims that Thomas failed to: (1) maintain and inspect the livestock fences; 
(2) maintain a proper lookout over the livestock and their enclosures; and (3) warn
them and persons similarly situated that livestock were loose in the area of the
roadway. 
 
                                                      ERRLINDA CASTILLO
                                                      Justice

Memorandum Opinion delivered and
filed this 17th day of February, 2005.